DJW/bh

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**WILLIAM GIPSON,**
**individually and on behalf of a class**
**of others similarly situated, et al.,**

                              **Plaintiffs,**                 **Civil Action**

**v.**                                     **No. 08-2017-KHV-DJW**

**SOUTHWESTERN BELL TELEPHONE**
**COMPANY (f/k/a/ SWBT, Inc., f/k/a**
**Southwestern Bell Telephone, L.P.),**

                              **Defendant.**

## REPORT AND RECOMMENDATION

Pending before the Court is Plaintiff William Gipson's Motion to Amend Complaint (doc. 16). Plaintiff's initial Complaint asserted claims under the Fair Labor Standards Act ("FLSA")[1] and Kansas state law. Plaintiff now seeks leave to file an amended complaint that would assert claims only under the FLSA.

On July 11, 2008, the Honorable Kathryn H. Vratil referred Plaintiff's Motion to Amend to the undersigned Magistrate Judge for a report and recommendation.[2]

## REPORT

### I.    Background Information

Plaintiff filed his Complaint on January 8, 2008, asserting state law claims for breach of contract, quantum meruit/unjust enrichment, and violation of the Kansas Wage Payment Act

---

[1]29 U.S.C. § 201, *et seq.*

[2]*See* Order (doc. 83).

("KWPA").  He also asserted a claim under the Fair Labor Standards Act ("FLSA").  He alleges

that he previously worked at Defendant's call center facility, in Wichita, Kansas, and that it is

"Defendant's practice and policy to deny wages and overtime pay to its hourly paid, telephone

dedicated customer service employees at its call center facilities."[3]  The Complaint states that the

action "is brought as a collective action under the FLSA and as a class action under Kansas state law

to recover unpaid wages and overtime owed to the individually named Plaintiff and all other

similarly situated employees who work or worked for Defendant."[4]

On February 19, 2008, Defendant filed a Motion to Dismiss State Law Claims, to Strike

Class Action Allegations, and to Dismiss Class Claims ("Motion to Dismiss") (doc. 10).  Defendant

asserts therein that Plaintiff's employment with Defendant was subject to a collective bargaining

agreement and that his  state law claims are therefore preempted by § 301 of the Labor Management

Relations Act.   In addition, Defendant argues that Plaintiff's Rule 23 class allegations are

fundamentally incompatible with the FLSA collective action procedures.  Finally, it argues that

Plaintiff has incorrectly based his state law claims for failure to pay overtime wages on the KWPA

when, in fact, the KWPA does not pertain to the payment of overtime.

Plaintiff responded to the Motion to Dismiss on March 13, 2008, stating that he does not

oppose Defendant's Motion as to his breach of contract and quantum meruit/unjust enrichment

claims.[5]  He indicates his intention to file an amended complaint that does not include those claims.[6]

_____

[3]Compl., ¶¶ 1 & 2.

[4]*Id.*, ¶ 6.

[5]Pl'.s Opp. to Mot. to Dismiss (doc. 13) at p. 2, n.1.

[6]*Id.*

2

He argues, however, that the collective bargaining agreement does not preempt his KWPA claim and that his Rule 23 class allegations — at least with respect to his KWPA claim — are not incompatible with a collective action being brought under the FLSA.  In discussing his KWPA claim, however, Plaintiff cites and refers to K.S.A. 44-1204 and K.S.A. 44-1213,[7] which are not part of the KWPA, but rather the Kansas Minimum Wage and Maximum Hours Law.[8]  Unlike the KWPA, the Kansas Minimum Wage and Maximum Hours Law covers overtime pay.[9]  Plaintiff's Complaint does not assert any claims under the Minimum Wage and Maximum Hours Law.

Defendant filed a reply brief in support of its Motion to Dismiss on April 7, 2008 (doc. 17), in which it argued that Plaintiff had directed the Court to the wrong statute in arguing that his Kansas wage claims were not preempted.  Defendant reiterated its position that Plaintiff's KWPA claim should be dismissed and all related Rule 23 class allegations stricken.

With respect to the scheduling of this case, a scheduling conference was held on May 13, 2008.  Pursuant to the Scheduling Order (doc. 31), discovery is set to close on April 30, 2009.  The deadline for moving to join additional parties or otherwise amend the pleadings is  thirty days from the date that conditional certification is denied, or, in the event conditional certification is granted, within thirty days after the opt-in period closes.  The pretrial conference and trial will be set after

---

[7]*See id.* at p. 5 (citing K.S.A. 44-1204(a) & 44-213).

[8]The Kansas Minimum and Maximum Hours Law is found at K.S.A. 44-1201 through 44-1213.  The KWPA, on the other hand is found at K.S.A. 44-312 through 44-327.

[9]*Dollison v. Osborne County*, 214 Kan. 374, 380, 737 P.2d 43 (1987) (the Kansas Minimum Wage and Maximum Hours Law "is the state counterpart to the federal Fair Labor Standards Act" and applies to claims for unpaid overtime).

3

the District Judge rules upon the motion for conditional certification.  The motion for conditional

certification is to be filed by September 30, 2008.[10]

## II.    Plaintiff's Proposed Amendments

Plaintiff has now filed the instant Motion to Amend, seeking leave to amend to delete *all* of

his state law claims, i.e., his breach of contract, quantum meruit/unjust enrichment, and KWPA

claims, along with his Rule 23 class allegations.  In addition, he seeks leave to amend the Complaint

to modify his FLSA claim.

With respect to his FLSA claim, Plaintiff seeks leave to add Donna Plummer as an opt-in

Plaintiff.  The proposed Amended Complaint states:

> Opt-in Plaintiff Donna Plummer is a Texas resident.  Plaintiff Plummer has worked
> at Defendant's call center in El Paso, Texas since July 2000; she continues to be
> employed by Defendant at that location.  Opt-in Plaintiff Plummer filed her written
> consent to become a party Plaintiff pursuant to 29 U.S.C. § 216(b) on April 4, 2008.[11]

In addition, Plaintiff seeks leave to expand the putative class of call center employees.  The

proposed Amended Complaint alleges that the collective action claim is being asserted on behalf of

all similarly situated call center employees in a region known as "MOKAT," which covers the states

of Missouri, Oklahoma, Kansas, Arkansas and Texas.[12]  The initial Complaint alleged only that it

was being brought on behalf of all similarly situated call center employees in Wichita and Topeka,

Kansas; St. Louis and Springfield, Missouri; Tulsa, Oklahoma; and "various locations in Texas."[13]

---

[10]*See* Order (doc. 85).

[11]Proposed Am. Compl. (attached as Ex. 1 to Pl.'s Mot. to Amend (doc. 16)), ¶ 13.

[12]*See id.*, ¶14.

[13]Compl. (doc. 1), ¶ 14.

### III.    The Standard for Granting Motions to Amend

Where, as in this case, a responsive pleading has been served, Federal Rule of Civil Procedure 15(a)(2) dictates that "[a] party may amend its pleading only with the opposing party's written consent or the court's leave."[14]  Rule 15(a)(2) specifies that the court "should freely give leave when justice so requires."[15]  Nonetheless, a court may refuse to grant leave to amend based on "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment."[16]

The decision whether to allow a proposed amendment addresses the sound discretion of the court.[17]  In exercising its discretion, the court must keep in mind that the Federal Rules of Civil Procedure are designed to facilitate decisions on the merits rather than on pleading technicalities.[18] As the Tenth Circuit has held, "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits."[19]

---

[14]Fed. R. Civ. P. 15(a)(2).

[15]*Id.*

[16]*Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (quoting *Foman v. Davis,* 371 U.S. 178, 182 (1962)).

[17]*Panis v. Mission Hills Bank, N.A.*, 60 F.3d 1486, 1494 (10th Cir. 1995).

[18]*U.S. v. Koch Indus., Inc.*, 31 F.3d 1015, 1018-19 (10th Cir. 1994).

[19]*Minter,* 451 F.3d at 1204 (quoting Foman, 371 U.S. at 182).

## IV.    Discussion

### A.    The FLSA Claim

Defendant "objects to the attempted expansion of this litigation to a five-state region as unwarranted, given the fact that there are but two persons who have consented to participate in this proceeding,"[20]  It also argues that Plaintiff makes only "unsupported allegations" that the call center employees from this five-state region are similarly situated.[21]  Nevertheless, Defendant states that it "does not object, at this time, to the filing of Ms. Plummer's consent, but reserves the right to challenge her continued participation in this proceeding at the point that class certification is addressed."[22]  Defendant contends that whether Ms. Plummer is similarly situated to Plaintiff Gipson is a factual question that is not appropriately addressed in the context of a motion to amend the complaint.

The Court agrees that it is premature for the Court to determine whether Ms. Plummer, or for that matter, any other call center employee, is similarly situated to Plaintiff.  That decision will be made by the District Judge after Plaintiff files his motion for conditional class certification.[23]  While "opt-in plaintiffs" are typically not named in the complaint, the Court fails to see why the identification of a particular individual as an "opt-in plaintiff" in the Complaint is grounds for denying the amendment.

---

[20]Def.'s Resp. to Pl.'s Mot. to Amend (doc. 18) at pp. 2-3.

[21]*Id*. at p. 5.

[22]*Id*. at p. 3.

[23]*See Underwood v. NMC Mortg. Corp*., 245 F.R.D. 720, 723 (D. Kan. 2007) (29 U.S.C. § 216(b) provides exclusive procedural mechanism for class certification in FLSA action; first step of that process is for plaintiff to file motion for conditional certification, at which time the court makes an initial "notice stage" determination of whether the putative class members are similarly situated and the victims of a single decision, policy, or plan of the defendant).

Furthermore, the Court is not persuaded by Defendant's argument that leave to amend should be denied as to expanding the scope of the putative class.  As noted above, Plaintiff's initial Complaint alleged that the putative class involved employees of Defendant's call centers in specific cities in Kansas, Missouri and Oklahoma, and "in various locations in Texas."[24]  Plaintiff now seeks leave to broaden the putative class to include all call center employees in those same four states and in Arkansas.

Defendant appears to be making a "futility" argument, i.e., an argument that Plaintiff should not be allowed to amend to expand the scope of the putative class because he is unable to establish that the call center employees in those various states are similarly situated to Plaintiff.  In support of this proposition, Defendant cites *Haynes v. Singer Co., Inc.*[25] and *Brooks v. BellSouth Telecomm, Inc.*[26]  Neither of those cases, however, is on point.  Neither case deals with the futility of a proposed amendment, or for that matter, even with a motion to amend.  Rather, they both deal with motions for conditional certification and the plaintiffs' lack of evidence to support conditional certification.[27]

Clearly, a motion to amend and a motion for conditional certification are governed by two different standards.  In ruling on a motion for conditional class certification, the court will consider affidavits or declarations submitted by the plaintiff and any "substantial allegations" demonstrating

---

[24]Compl. (doc. 1), ¶ 14.

[25]696 F.2d 884 (11th Cir. 1983).

[26]164 F.R.D. 561 (N.D. Ala. 1995).

[27]*See Haynes*, 696 F. 2d at 887 (denying motion for conditional class certification where plaintiff failed to present evidence that FLSA violations were widespread and that additional plaintiffs would come from other stores); *Brooks*, 164 F.R.D. at 569 (denying motion for conditional class certification where evidence showed that employees in different states who worked in separate departments under different supervisors were not similarly situated .

that the potential class members "were together the victims of a single decision, policy or plan."[28] In sharp contrast, in ruling on a motion to amend, the court will merely consider whether the proposed amended complaint can withstand a motion to dismiss.[29]   To withstand a motion to dismiss, the factual allegations, when taken as true and in the light most favorable to the plaintiff, "must be enough to raise a right to relief above the speculative level."[30]   Consequently, the issue in resolving a motion to amend, when futility of amendment is argued, is "'not whether [the] plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims.'"[31]

At this point in time, the Court is ruling only on the pending motion to amend and not whether the alleged putative class should be conditionally certified.  The Court must therefore apply the standard for determining whether the amendment is futile and not whether the class should be conditionally certified.  Applying this correct standard, the Court does not find Plaintiff's proposed amendments to be futile.  Taking the allegations of Plaintiff's proposed amendments as true, and viewing them in the light most favorable to Plaintiff, the Court finds that Plaintiff has alleged sufficient facts, i.e., enough to raise a right to relief above the speculative level, to show that the call center employees in the various states in the MOKAT region are similarly situated to Plaintiff and that those employees have been subjected to a single decision, policy or plan of Defendant with

---

[28]*Renfro v. Spartan Computer Servs.*, 243 F.R.D. 431, 432 & n.1 (D. Kan. 2007).

[29]*Ketchum v. Cruz,* 961 F.2d 916, 920 (10th Cir. 1992); *Stewart v. Bd. of Comm'rs for Shawnee County, Kan.*, 216 F.R.D. 662, 664 (D. Kan. 2003).

[30]*Bell Atlantic Corp. v. Twombly,* ___ U.S. ___, 127 S.Ct. 1955, 1965 (2007) (citations omitted)

[31]*Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

respect to their earned wages and overtime pay.   In sum, the Court finds that it would not be futile to allow Plaintiff to amend his Complaint to expand the scope of the potential class.

Furthermore, given the liberal standard for allowing amendments and given that this case is the early stages of discovery and the deadline for filing a motion for conditional certification is not until September 30, 2008, the Court finds that Plaintiff's Motion to Amend is timely and that allowing Plaintiff to amend his FLSA will not prejudice Defendant.   In light of the foregoing, the Court recommends that the District Court grant Plaintiff's Motion to Amend to the extent he seeks to amend his FLSA claim.

### B.      The State Law Claims and Related Rule 23 Class Allegations

The Court will now examine whether Plaintiff should be granted leave to dismiss his state law claims and his Rule 23 class allegations relating to those claims.   Defendant objects to the dismissal of the state law claims and related class allegations unless (1) the claims are dismissed with prejudice, and (2) Defendant is compensated for all of the attorney's fees it has expended defending against the state law claims and related Rule 23 class action allegations.   Defendant argues that, pursuant to Rule 15(a), the Court should, as a condition to granting Plaintiff's Motion to Amend, dismiss the state law claims with prejudice and award it $24,674.00 in attorney's fees, the amount of fees Defendant contends it incurred in connection with filing its Motion to Dismiss, supporting brief, and reply.

In the alternative, Defendant argues that it should be awarded sanctions pursuant to 28 U.S.C. § 1927.   Defendant seeks § 1927 sanctions in the amount of $8,493, which represents the amount of attorney's fees Defendant allegedly incurred in preparing its reply brief in support of the Motion to Dismiss.

      1.      *The imposition of fees and dismissal of the state law claims under Rule 15*

Before turning to the merits of the parties' arguments regarding the imposition of the requested conditions and sanctions under Rule 15(a), the Court notes that Rule 15(a), rather than Rule 41(a)(1), is the proper mechanism by which parties may seek to amend to drop some, but not all, of their claims against an opposing party.  Thus, Plaintiff has properly relied on Rule 15 in moving to eliminate his state law claims against Defendant.[32]

      a.      *Should the dismissal of Plaintiff's state law claims be with prejudice?*

Rule 15 is silent as to whether the elimination or dismissal of claims pursuant to an amendment should be with, or without, prejudice.  Plaintiff's Motion to Amend does not address whether the dismissal of his state law claims should be with or without prejudice.  And even though Defendant expressly raises this issue in its Response to the Motion to Compel, Plaintiff fails to address it in his reply.  This issue is, however, addressed in Defendant's Motion to Dismiss.

In the Motion to Dismiss, Defendant expressly requests that Plaintiff's state law claims be dismissed  with prejudice.[33]  Plaintiff responds in his opposition to the Motion to Dismiss that he does not oppose Defendant's Motion to Dismiss as to Counts II (breach of contract) and II (quantum

---

[32]*See Hells Canyon Preservation Council v. U.S. Forest Serv.*, 403 F.3d 683, 687 (9th Cir. 2005) (Rule 15(a) rather than Rule 41 is the appropriate mechanism where a plaintiff desires to eliminate one or more, but less than all, of his claims against a defendant); *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1106 (11th Cir. 2004) ("A plaintiff wishing to eliminate particular claims or issues from the action should amend the complaint under Rule 15(a) rather than dismiss under Rule 41(a).") (quoting 8 James W. Moore, *Moore's Federal Practice* § 41.21[2], at 41-32 (3d ed. 2004)); *Estate of Flake v. Hoskins*, No. CIV. A. 98-2450-KHV, 2001 WL 30649, at *1, n.1 (D. Kan. Jan. 11, 2001) ("The proper course to dismiss part of an action is to ask for leave to amend the complaint or pretrial order depending on the stage of the litigation.") (citations omitted)).

[33]*See* Def.'s Mot. to Dismiss State Law Claims (doc. 10) at p. 1.

meruit/unjust enrichment).[34]   Thus, the Court finds that Plaintiff does not oppose Defendant's request that those two claims be dismissed with prejudice.  Also, Plaintiff states in his Motion to Amend that his proposed Amended Complaint will render Defendant's Motion to Dismiss moot. Thus, it is apparent to the Court that Plaintiff has no opposition to his state law claims being dismissed with prejudice.  Accordingly, the Court recommends that the Plaintiff's state law claims for breach of contract, quantum meruit/unjust enrichment, and violation of the KWPA be dismissed *with prejudice*.

> b.      *Should Defendant be awarded attorney's fees under Rule 15?*

The Court will now turn to Defendant's request that Plaintiff's amendment be conditioned on the payment of Defendant's attorney's fees.  Rule 15 does not explicitly permit a court to impose conditions on an amendment or to award costs or sanctions.  The Tenth Circuit, however, has held that "it is within a court's discretion to impose 'reasonable conditions' on a grant of leave to amend."[35]  Despite the Tenth Circuit's holding, this Court has been unable to find any published Tenth Circuit decision in which it addresses the propriety of conditioning an amendment upon an amending party's payment of costs or fees to the opposing party.[36]  And Defendant has failed to cite any Tenth Circuit cases in support of its request for Rule 15 fees.  The Court has also been unable to locate any published cases from this District imposing fees or costs as a condition on a Rule 15

---

[34]Pl.'s Opp. to Mot. to Dismiss State Law Claims (doc. 13) at p. 2, n.1.

[35]*Mountain View Pharmacy v. Abbott Labs.*, 630 F.2d 1383, 1386 (10th Cir. 1980) (*quoting Chicago Pneumatic Tool Co. v. Hughes Tool Co.*, 192 F.2d 620, 631 (10th Cir. 1951)).

[36]In *Mountain View, supra*, note 34,  the Tenth Circuit held it was error for the trial court to require the plaintiff to file, as a condition of his being allowed to amend, a factual certification and a sworn statement setting forth all facts presently known by the plaintiff.  630 F.2d at 1385-86.  In *Chicago Pneumatic Tool*, *supra*, note 34, the Tenth Circuit held the trial court acted within its sound discretion in conditioning a plaintiff's amendment upon limiting the plaintiff's trial by jury to the issue of damages.  192 F.2d at 631.

amendment.  Although several Judges in this District have been asked to award such expenses, there are no reported decisions indicating that a Judge has done so.[37]

Courts in other circuits, however, have awarded fees and costs as a condition of allowing plaintiffs to amend their complaint in order to compensate the opposing party for the expenses it incurred because the original pleading was faulty.[38]  Such an award allows the court to balance the interests of the party seeking the amendment against those of the opposing party, and permits the moving party to have its claims heard while alleviating some, if not all, of the prejudice to the opposing party.  As one commentator has stated:

---

[37]*See U.S. ex rel. Smith v. Boeing Co.*, No. Civ. A. 05-1073-WEB, 2006 WL 542851, at *5 (D. Kan. Feb. 27, 2006) ("The court has also considered defendants' request that Relators be ordered to pay defendants' attorneys fees in connection with the amendment of the complaint, but the court is not persuaded that a basis for such an award has been demonstrated."); *Whitmire v. Allied Security, Inc.*, No. Civ.A. 03-2183-KHV, 2003 WL 22462501, at *2, n.1 (D. Kan. Sept. 5, 2003) ("Defendant does not specify the legal authority for its request [for fees and expenses], and because the allegations in plaintiff's original complaint are not clearly insufficient as a matter of law, the Court declines to condition amendment of plaintiff's complaint on his payment of defendant's attorneys' fees and expenses."); *Hill v. McHenry*, No. 99-2026-JWL, 1999 WL 588193, at *4 (D. Kan. July 23, 1999) (denying without discussion defendant's request that amendment be conditioned on plaintiff's payment of defendant's fees incurred in preparation and filing of defendant's dispositive motions).

[38]*See, e.g., Gen. Signal Corp. v. MCI Telecomm. Corp.*, 66 F.3d 1500, 1514 (9th Cir. 1995) (upholding district court's conditioning of amendment on plaintiff's payment of fees incurred by defendants in preparing responsive pleadings repeatedly rendered moot by plaintiff's prior filings and amendments); *Boyce v. Augusta-Richmond County*, 111 F. Supp. 2d 1363, 1376-77 (S.D. Ga. 2000) (allowing defendant to recover expenses and fees related solely to discovery on claims plaintiff sought to drop by way of amendment); *Hayden v. Feldman*, 159 F.R.D. 452, 454-55 (S.D. N.Y. 1995) (further amendment conditioned on payment of fees and costs associated with defendants' motion to dismiss prior legally insufficient complaint); *Mohideen v. Am. Airlines, Inc.*, No. 99 Civ. 0016-HB-FM, 1999 WL 714089, at *3 (S.D. N.Y. Sept. 14, 1999) (conditioning amendment upon plaintiffs' agreement to pay fees and costs associated with defendant's answer to amended complaint and continuation of deposition); *see also Dennis v. Dillard Dep't Stores, Inc.*, 207 F.3d 523, 526 (8th Cir. 2000) (in holding that district court abused its discretion in denying defendant leave to amend its answer, the Eight Circuit noted that the district court could have ordered the defendant to pay any costs incurred by plaintiff as a result of additional discovery caused by the amendment).

The statement in Rule 15(a) that "leave shall be freely given when justice so requires" presupposes that the court may use its discretion to impose conditions on the allowance of a proposed amendment as an appropriate means of balancing the interests of the party seeking the amendment and those of the party objecting to it. The imposition of terms often will further the rule's liberal amendment policy.[39]

In this case, Defendant asks that the Court condition the dismissal of Plaintiff's state law claims and related class allegations on Plaintiff's payment of $24,674.00.  Defendant represents that this figure represents the amount of fees Defendant incurred in filing its Motion to Dismiss, supporting brief, and reply.  Defendant argues that Plaintiff made a "cavalier decision" to assert "meritless" state law claims and Rule 23 class allegations, and that Defendant should be reimbursed for the fees it had to incur as a result of those meritless claims and allegations.[40]

Plaintiff asserts that conditioning the dismissal of his state law claims on an award of fees to Defendant would be an abuse of this Court's discretion.  He contends that an award is not warranted here, where there has been no unauthorized amendment, no violation of a court order regarding amending his Complaint, and no repeated attempts to cure deficiencies in the initial Complaint.  He explains that when he filed the original Complaint, neither he nor his counsel were aware that he was subject to a collective bargaining agreement; however, once he learned that his claims would be preempted because of that agreement, he filed the instant Motion to Amend and sought their withdrawal.  Finally, Plaintiff argues that Defendant's request for almost $25,000 in fees is exorbitant and that Defendant has failed to substantiate that figure.

The Court, within its sound discretion, believes that an award of attorney's fees is a reasonable condition to be placed on Plaintiff's dismissal of his state law claims and related class allegations.  Defendant was required to expend time and resources in filing its motion to dismiss

---

[39]6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1486 at pp. 605-06 (2d ed. 1990).

[40]Def.'s Resp. to Pl.'s Mot. to Amend (doc. 18) at p. 4.

concerning Plaintiff's state law claims and class allegations that it would not otherwise have had to expend had Plaintiff not asserted its preempted state law claims. Plaintiff's counsel should have determined, prior to filing the Complaint, that Plaintiff's employment with Defendant was subject to a collective bargaining agreement and that those claims would therefore be preempted. In addition, Defendant would not have had to file its reply brief regarding dismissal of the KWPA claims had Plaintiff not opposed the Motion to Dismiss by inexplicably relying on the Kansas Minimum and Maximum Hours Law, when it had previously pled the claim only under the KWPA.

In light of the foregoing, the Court recommends that Plaintiff's dismissal of the state law claims and Rule 23 class allegations be conditioned on payment of Defendant's attorney's fees. At this point in time, however, the Court is unable to recommend a specific sum to be awarded. As Plaintiff points out, Defendant has not substantiated its claim that it reasonably incurred $24,674.00 in preparing the Motion to Dismiss and associated briefs. Defendant has merely provided an affidavit from its counsel indicating that counsel billed Defendant $16,181.00 for time spent preparing the Motion to Dismiss and supporting memorandum, and $8,493.00 for time spent preparing Defendant's reply in support of the Motion to Dismiss.[41] There is no information as to which attorneys worked on the briefing, what their hourly rates are, the number of hours for which compensation is requested, and how those hours were allotted to specific tasks. In sum, there is insufficient evidence upon which the Court may determine whether the requested $24,674.00 is a reasonable fee for preparation of the dismissal briefs.

The Court recommends that Defendant be directed to submit records that reveal (1) for each lawyer for whom fees are sought, each lawyer's hourly rate; (2) all hours for which compensation

---

[41] *See* Ex. A, attached to Def.s' Resp. to Pl.'s Mot. to Amend (doc. 18).

is requested, and (3) how those hours were allotted to specific tasks.[42]  The records should be detailed enough for the court to identify hours that were necessary (as opposed to unnecessary or excessive) and to determine if billing judgment was exercised.[43]

2.    *The imposition of fees under 28 U.S.C. § 1927*

As noted above, Defendant has made an alternative request that the Court impose sanctions pursuant to 28 U.S.C. § 1927 in the amount of $8,493.00, which represents the attorney's fees that Defendant claims it incurred in filing its reply brief in support of the Motion to Dismiss.  Defendant argues that sanctions should be awarded under § 1927 because Plaintiff's counsel "unreasonably and vexatiously multiplied the proceedings by arguing for relief under an unpled, facially inapplicable statute [i.e., the  Kansas Minimum and Maximum Hours Law]" and continued "to pursue a futile, and legally incompatible Rule 23 class action."[44]

28 U.S.C. § 1927 provides that any attorney who "multiplies the proceedings in any case unreasonably and vexatiously" may be personally sanctioned and required to pay the "excess costs, expenses, and attorneys fees reasonably incurred because of such conduct."[45]  The Tenth Circuit has held that under § 1927, "excess costs, expenses, or attorney's fees are imposable against an attorney personally for conduct that, viewed objectively, manifests either intentional or reckless disregard of the attorney's duties to the court."[46]  They may be imposed "when an attorney is cavalier or bent on misleading the court; intentionally acts without a plausible basis; [or] when the entire course of

---

[42]*See Erickson v. City of Topeka, Kan*., 239 F. Supp. 2d 1202, 1206 (D. Kan. 2002) (citing *Bergeson v. Dilworth*, 875 F.Supp. 733, 737 (D. Kan. 1995)).

[43]*Id*. at 1207 (citing *Hensley*, 461 U.S. 424, 434 (1983).

[44]Def.'s Resp. to Mot. to Amend (doc. 18) at p. 4.

[45]28 U.S.C. § 1927.

[46]*Braley v. Campbell,* 832 F.2d 1504, 1512 (10th Cir. 1987) (*en banc*).

the proceedings was unwarranted."[47]   According to the Tenth Circuit, an award should be made under § 1927 "only in instances evidencing a serious and standard disregard for the orderly process of justice."[48]   The Tenth Circuit has emphasized that this is an "extreme standard."[49]

Clearly, this extreme standard has not been met here.   There is no evidence that Plaintiff's counsel acted intentionally or recklessly in disregarding any duties owed to the Court.   Thus, the undersigned Magistrate Judge does not find that any fees should be awarded under § 1927, even in the lesser amount of $8,493.00 requested by Defendant.   Accordingly, even if the District Judge disagrees with the recommendation herein that fees be awarded under Rule 15(a) as a condition of amendment, the undersigned recommends that the District Judge decline to grant Defendant's alternative request for $8,493.00 in fees under § 1927.

## RECOMMENDATION

The undersigned Magistrate Judge makes the following recommendations:

Plaintiff's Motion to Amend should be granted, but, pursuant to Rule 15(a), the amendment should be conditioned upon the following:

1.     Plaintiff's state law claims for breach of contract, quantum meruit/unjust enrichment, and violation of the KWPA, and related class allegations, are dismissed *with prejudice*;

---

[47]*Dominion Video Satellite, Inc. v. Echostar Satellite L.L.C*, 430 F.3d 1269, 1278 (10th Cir. 2005) (internal quotations and citation omitted).

[48]*White v. Am. Airlines, Inc*., 915 F.2d 1414, 1427 (10th Cir. 1990) (internal quotations and citations omitted).

[49]*Id.*

2.    Plaintiff is directed to pay Defendant's *reasonable* attorney's fees incurred in connection with the preparation of Defendant's Motion to Dismiss (doc. 10) and related briefing; and

3.    To aid the Court in determining the amount of reasonable fees to be awarded, Defendant is directed to file a pleading containing records that would reveal (1) for each lawyer for whom fees are sought, each lawyer's hourly rate; (2) all hours for which compensation is requested, and (3) how those hours were allotted to specific tasks.

In addition, it is recommended that the Court deny Defendant's alternative request for an award of attrney's fees pursuant to 28 U.S.C. § 1927.

## **NOTICE**

The parties are hereby informed that, within **ten days** after a party is served with a copy of this Report and Recommendation, that party may, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72, file written objections to the Report and Recommendation.  A party must file any objections within the ten-day period allowed if that party wants appellate review of the proposed findings of fact, conclusions of law, and the recommended disposition.  If no objections are timely filed, no appellate review will be allowed by any court.

Respectfully submitted.

Dated this 17th day of July, 2008, at Kansas, City, Kansas.

s/ David J. Waxse
David J. Waxse
U.S. Magistrate Judge

cc:    All counsel and *pro se* parties

17