**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **WILLIAM GIPSON,** )<br>)<br>            **Plaintiff,** )<br>)<br>v.         )   **CIVIL ACTION**<br>)   **No. 08-2017-KHV**<br>**SOUTHWESTERN BELL** )<br>**TELEPHONE COMPANY,** )<br>)<br>            **Defendant.** )<br>_____)| |

**ORDER**

This matter is before the Court on *Defendant Southwestern Bell Telephone Company's Motion to Dismiss State Law Claims, To Strike Class Action Allegations, and To Dismiss Class Claims* (Doc. #10) filed February 19, 2008, and *Defendant's Response to Plaintiff's Motion to Amend Complaint and Integrated Motion for Costs* (Doc. #18) filed April 18, 2008. Both motions are OVERRULED as moot.

Defendant originally asked the Court to dismiss plaintiff's state law and class claims, to strike plaintiff's class action allegations, and to award its fees. Plaintiff later filed an *Amended Complaint* (Doc. # 214) that deleted all claims and allegations which were the subject of defendant's motion. Plaintiff had a right to do so under Rule 15, Fed. R. Civ. P. Plaintiff "has the right to amend [his] pleadings once at any time prior to the filing of a responsive pleading" and motions to dismiss or for summary judgment are not responsive pleadings. *Brever v. Rockwell Intern. Corp.* 40 F.3d 1119, 1131 (10th Cir. 1994); *see also Cooper v. Shumway*, 780 F.2d 27, 29 (10th Cir. 1985) (citing *Educational Servs., Inc. v. Maryland State Bd. For Higher Educ.*, 710 F.2d. 170, 176 (4th Cir. 1983)); *Adams v. Campbell County School Dist.*, 483 F.2d 1351, 1353 (10th Cir. 1973). Accordingly, the *Amended Complaint* was permissible and renders moot defendant's motion to strike and dismiss the state law and class action claims from the original complaint.

Defendant's fee request, which was conditioned upon plaintiff's motion to amend, is also moot because plaintiff withdrew that motion. *Withdrawal of Motion to Amend, Doc. 16, And Notice of Supplemental Authority Regarding Amending Complaint As of Right* (Doc. # 215). The Court is aware

of the circuitous briefing on both defendant's motion to dismiss and plaintiff's related motion to amend.[1] The Court notes that *both* parties sought to eliminate the claims which were ultimately removed from the *Amended Complaint:* defendant through a motion to dismiss and plaintiff first through a motion to amend and then ultimately through an amendment as of right.

---

[1] Plaintiff originally asserted claims under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (2000) ("FLSA"), and state law claims for breach of contract, *quantum meruit* and violations of the Kansas Wage Payment Act, K.S.A. §§ 44-312, *et seq*. *See Complaint* (Doc. # 1). Defendant moved to dismiss plaintiff's state law claims, and to strike or dismiss plaintiff's class allegations and claims. *See Defendant Southwestern Bell Telephone Company's Motion to Dismiss State Law Claims, To Strike Class Action Allegations, and To Dismiss Class Claims* (Doc. # 10). Plaintiff responded to defendant's motion but later, pursuant to FED. R. CIV. P. 15, sought leave to file an amended complaint to (1) eliminate his state law and class claims and (2) expand the region from which putative FLSA class members may be drawn. See *Plaintiff's Motion to Amend Complaint and Memorandum of Law in Support Thereof* (Doc. # 16). Defendant objected to plaintiff's motion and concurrently sought fees under Fed. R. Civ. P. 15(a) and 28 U.S.C. § 1927. *See Defendant's Response to Plaintiff's Motion to Amend Complaint and Integrated Motion for Costs* (Doc. # 18). Plaintiff's motion for leave to amend and defendant's objections thereto and motion for fees were referred to Magistrate Judge David Waxse for report and recommendation. *See Order Referring Motion* (Doc. # 83). On July 18, 2008, Judge Waxse issued a report. On July 30, 2008 plaintiff timely objected to Judge Waxse's recommendation that dismissal be conditioned on payment of defendant's attorneys' fees. *See Plaintiff's Objection to Magistrate's Recommendation* (Doc. # 138). Before this Court ruled on plaintiff's objection, plaintiff filed a notice that he was withdrawing his motion for leave to amend. Plaintiff also filed his *Amended Complaint* (Doc. # 214) as of right under Rule 15. On September 17, 2008 Defendant requested and received an enlargement of time to respond to plaintiff's *Amended Complaint*. *See Defendant's Unopposed Motion For Enlargement Of Time To Answer Or Otherwise Respond To Amended Complaint* (Doc. # 243) and *Order Granting Motion for Extension of Time to Answer Amended Complaint* (Doc. # 244). The Court notes that the law is clear that an amendment as of right was permissible and that a motion to strike claiming otherwise will not be viewed favorably, and may indeed result in the imposition of sanctions.

Ordinarily, the court would question a party's ability to effectively "withdraw" a motion which has already been presented to and considered by the Court – especially when the purported withdrawal is an obvious attempt to circumvent an adverse ruling. In this case, however, it makes no sense to further complicate the procedural morass for which both parties are responsible: plaintiff by filing an unnecessary motion for leave to amend when he was entitled to amend as of right, and defendant by filing its motion to dismiss and then requesting fees in an apparent attempt to circumvent Rule 11 and its safe harbor provisions.

In the future, counsel are strongly encouraged to engage in a higher level of professional cooperation and communication to avoid these kinds of disputes.

**IT IS THEREFORE ORDERED** that *Defendant Southwest Telephone Company's Motion to Dismiss State Law Claims, To Strike Class Action Allegations, and To Dismiss Class Claims* (Doc. #10) filed February 19, 2008 and *Defendant's Response to Plaintiff's Motion to Amend Complaint and Integrated Motion for Costs* (Doc. # 18) filed April 18, 2008 be and hereby are **OVERRULED** as moot.

**IT IS FURTHER ORDERED** that Judge Waxse's Report and Recommendation of July 18, 2008 is moot.

Dated this 19th day of September, 2008 at Kansas City, Kansas.

s/ Kathryn H. Vratil
Kathryn H. Vratil
United States District Judge