DJW/1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

WILLIAM GIPSON,
individually and on behalf of a class
of others similarly situated, et al.,

|  |  |
|---|---|
| **Plaintiffs,** | **Civil Action** |
| **v.** | **No. 08-2017-KHV-DJW** |

SOUTHWESTERN BELL TELEPHONE
COMPANY, f/k/a/ SWBT, Inc., f/k/a
Southwestern Bell Telephone, L.P.,

                              **Defendant.**

## MEMORANDUM AND ORDER

William Gipson brings suit against Southwestern Bell Telephone Company on behalf of himself and others similarly situated, seeking recovery of unpaid wages and overtime under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*. Pending before the Court is Plaintiffs' Motion for Protective Order (doc. 84). Also before the Court is Defendant's request that it be awarded the expenses it has incurred in responding to Plaintiffs' motion. For the reasons set forth below, the Court denies the Motion for Protective Order. The Court also denies Defendant's request for expenses.

### I.    Nature of the Matter Before the Court and Background Information

This is a putative collective action brought under the FLSA. Plaintiff William Gipson alleges that he previously worked at Defendant's call center facility in Wichita, Kansas, and that "Defendant's practice and policy is to deny wages and overtime pay to its hourly paid, telephone

dedicated service employees at its call center facilities."[1]  The Amended  Complaint states that the action "is brought as a collective action under the FLSA to recover unpaid wages owed to Plaintiff and all other similarly situated employees employed in Defendant's call centers."[2]

On July 1 and July 2, 2008, Defendant filed notices to take the depositions of Plaintiff Gipson and fourteen call center employees who had opted in to the collective action.[3]  The depositions were noticed to take place in Kansas City every Monday, Wednesday, and Friday over the course of five weeks starting August 4, 2008.

Plaintiffs have agreed to produce Mr. Gipson for his deposition in Kansas City on the noticed date or another mutually agreeable date.  Plaintiffs, however, object to the schedule and the Kansas City location for the other fourteen noticed depositions, and they seek a protective order preventing them from going forward as noticed.  Plaintiffs seek an order directing that the noticed depositions be taken in El Paso, Texas, where the noticed individuals are employed at Defendant's El Paso, Texas call center.  Plaintiffs also request that the depositions go forward on a more condensed schedule, which Plaintiffs contend would be more cost and time efficient.

Plaintiffs argue that because these fourteen Plaintiffs are centralized in one location, their depositions should occur in El Paso to minimize the travel expenses.  Plaintiffs provide a listing of flight and airfare information taken from an Internet website, which indicates that round-trip airfare between El Paso and Kansas City would range from $295 to $416.[4]  Adding in the cost for lodging

---

[1]Am. Compl. (doc. 214), ¶ 1.

[2]*Id.*, ¶ 2.

[3]*See* Depo. Notices (doc 52-66).

[4]*See* Ex. D, attached to Pls.' Mot. for Protective Order (doc. 84).

and meals, Plaintiffs assert that the total cost for each Plaintiff to travel to Kansas City would reach approximately $500.  Plaintiffs argue that their travel expenses would exceed the amount of the attorneys' travel expenses, which weighs in favors of holding the depositions in El Paso.  Thus, Plaintiffs ask the Court for a protective order requiring the fourteen depositions of the El Paso Plaintiffs to take place in El Paso.

In the alternative, Plaintiffs request a protective order directing Defendant and Plaintiffs to equally share the travel costs for each El Paso Plaintiff to travel to Kansas City for the depositions. Regardless of whether the Court orders that the depositions take place in Kansas City or El Paso, Plaintiffs also seek a more condensed schedule for these depositions.

Defendant opposes Plaintiffs' motion, asserting that Plaintiffs did not confer with Defendant before filing it, as required by Federal Rule of Civil Procedure 26(c)(1) and D. Kan. Rule 37.2. Defendant therefore asks the Court to decline to rule on the motion.  In the alternative, Defendant urges the Court to deny the motion on its merits, arguing that these fourteen opt-in Plaintiffs should be required to appear in Kansas City  for their depositions as this is the district in which they chose to bring their collective action.  Defendant rejects Plaintiffs' argument that El Paso is the most efficient "centralized location" for the depositions, pointing out that the putative plaintiffs allegedly work in a five-state area throughout the Midwest, i.e., in Missouri, Oklahoma, Kansas, Arkansas, and Texas.[5]  Moreover, since the filing of the original Complaint, 164 additional employees of Defendant's call centers in Wichita, Kansas; El Paso, Texas; Springfield, Missouri; and Oklahoma

---

[5]*See* Am. Compl. (doc. 214), ¶2 ("This lawsuit is brought as a collective action under the FLSA to recover unpaid wages owed to Plaintiff and all other similarly situated employees employed in Defendant's call centers.); *see also id.*,¶14 ("Defendant operates call centers in a region known as MOKAT, which includes Missouri, Oklahoma, Kansas, Arkansas and Texas.").

City, Oklahoma have opted in as plaintiffs.[6]  Accordingly, Defendant argues that Kansas City is the proper place for the depositions to take place.  Finally, Defendant maintains that Plaintiffs have no legal basis to argue that the their travel costs should be shared by Defendant or that Defendant should be forced to take the depositions on a schedule more to Plaintiffs' liking.

## II.      Conference Requirements

Before considering the merits of Plaintiffs' Motion for Protective Order, the Court must determine whether Plaintiffs' attorneys have complied with the conference requirements set forth in Federal Rule of Civil Procedure 26(c) and D. Kan. Rule 37.2.  As noted above, Defendant argues that Plaintiffs have failed to satisfy their duty to confer, and that the Court should decline to rule on their motion for that reason.

### A.      Duty to Confer

Federal Rule of Civil Procedure 26(c)(1) provides that a motion for protective order must include "a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action."[7]  In a similar vein, D. Kan. Rule 37.2 provides that the Court will not entertain a motion to resolve a discovery dispute pursuant to Federal Rule of Civil Procedure 26 unless counsel has satisfied the above-described duty by making a "reasonable effort to confer" with the opposing party.[8]  Rule 37.2 expressly states that "[a] 'reasonable effort' to confer means more than mailing or faxing a letter to the opposing party.  It

---

[6]*Id.*, ¶13.

[7] Fed. R. Civ. P. 26(c)(1).

[8]D. Kan. Rule 37.2.

4

requires that the parties in good faith converse, confer, compare views, consult and deliberate, or in good faith attempt to do so."[9]

The purpose behind the conference requirements is to encourage the parties to resolve discovery disputes without judicial involvement.[10]  To determine whether a party has satisfied the conference requirements, the Court reviews all of the surrounding circumstances.[11]  In doing so, the Court "looks beyond the sheer quantity of contacts.  It examines their quality as well."[12]  While the conference requirements of Rule 26(c) and D. Kan. Rule 37.2 require the moving party to make a reasonable effort to confer, they do not dictate the *method* of communication.[13]

**B.    Have Plaintiffs Satisfied Their Duty to Confer?**

Plaintiffs state in their motion that counsel conferred in good faith by telephone, voice message, and e-mail on multiple occasions in an effort to resolve this dispute.[14]  Plaintiffs attach a series of e-mail messages between the parties' attorneys in which the depositions are discussed.[15]  The e-mail messages span a period of two weeks.  At least nine of those messages directly discuss

---

[9]*Id.*  D. Kan. Rule 37.2 requires that the certification "describe with particularity the steps taken by all counsel to resolve the issues in dispute."  *Id.*

[10]*P.S. v. The Farm, Inc.*, No. 07-2210-JWL-DJW, 2008 WL 3884312, at *2 (D. Kan. Aug. 19, 2008); *Cotracom Commodity Trading Co. v. Seaboard Corp.*, 189 F.R.D. 456, 459 (D. Kan. 1999).

[11]*P.S.*, 2008 WL 3884312, at *3; *Wilbert v. Promotional Res., Inc.*, No. Civ. A. 98-2370-GTV, 1999 WL 760524, at *2 (D. Kan. Sept. 21, 1999).

[12]*P.S.,* 2008 WL 3884312, at *2 (quoting *Cotracom*, 189 F.R.D. at  459).

[13]*Id.* at *2; *see also Wilbert*, 1999 WL 760524, at *2 (duty to confer does not require conference by telephone).

[14]Pls.' Mot. for Protective Order (doc. 84) at p. 3.

[15]*See id.*, Ex. B.

5

the issues at hand and set forth each of the parties' positions.  The e-mail messages also include a discussion of various cases, including most of the same cases discussed in the parties' briefing.  The Motion for Protective Order was filed a short time after the last e-mail addressing the issues was sent.

It is not clear that the parties ever conversed by telephone regarding the merits of their dispute.  It does appear, however, that Plaintiffs' counsel made an attempt to do so, but that Defendant's counsel invited Plaintiffs' counsel to send him an e-mail in response.[16]  In any event, neither Rule 26(c) nor D. Kan. Rule 37.2 requires that the parties communicate by telephone or in person.  Thus, the fact that counsel for the parties did not communicate by telephone does not, by itself, mean that Plaintiffs' counsel failed to make a reasonable effort to resolve the discovery dispute.

The Court holds that the above-described series of e-mail communications is sufficient to satisfy the conference requirements.[17]  The Court finds that through the series of e-mails, counsel for both sides compared views, consulted, and deliberated with each other regarding the primary dispute at issue in this Motion for Protective Order.  Furthermore, despite the attempts by counsel for the parties to resolve the dispute, it appears that they were at an impasse and that additional attempts to resolve the dispute would have been futile.

While it is true that the parties did not confer regarding Plaintiffs' request that the parties equally share Plaintiffs' travel costs if the depositions take place in Kansas City, the Court does not find that to be critical.  The cost-sharing issue was raised by Plaintiffs only in the alternative, that

---

[16]*See* Decl. of Pls.' Counsel, Rick Paul, attached as Ex. G to Pls.' Reply (doc. 149).

[17]*See P. S.*, 2008 WL 3884312, at *3 (holding series of e-mail communications sufficient to satisfy duty to confer).

is, only if the Court disagrees with Plaintiff's primary position that the depositions should take place in El Paso and rules that the depositions should take place in Kansas City.  Moreover, it is apparent to the Court that Defendant is not amenable to any cost-sharing and that its primary position is that Plaintiffs should be required to come to Kansas City for their depositions.

In light of the above, the Court holds that Plaintiffs have satisfied the conference requirements set forth in Rule 26(c)(1) and D. Kan. Rule 37.2.  The Court will now turn to the merits of the parties' dispute regarding these fourteen depositions.

## III.    Analysis

### A.    Standard for Ruling on a Motion for Protective Order

Federal Rule of Civil Procedure 26(c)(1) provides that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ."[18]   The party seeking a protective order has the burden to show good cause for it.[19]  To establish good cause, a party must make "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements."[20]

The court has broad discretion "to decide when a protective order is appropriate and what degree of protection is required."[21]   The Supreme Court has recognized that "[t]he trial court is in the best position to weigh the fairly competing needs and interests of the parties affected by discovery.  The unique character of the discovery process requires that the trial court have

---

[18]Fed. R. Civ. P. 26(c)(1).

[19]*Reed v. Bennett*, 193 F.R.D. 689, 691 (D. Kan. 2000).

[20]*Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n. 16 (1981).

[21]*MGP Ingredients, Inc. v. Mars, Inc*., 245 F.R.D. 497, 500 (D. Kan. 2007) (quoting *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984)).

substantial latitude to fashion protective orders."[22]  Notwithstanding this broad grant of discretion, a court may issue a protective order only if the moving party demonstrates that the basis for the protective order falls within one of the specific categories enumerated in the Rule, i.e., that the requested order is necessary to protect the party "from annoyance, embarrassment, oppression, or undue burden or expense."[23]

Rule 26(c) permits the court to not only prohibit discovery but also to regulate discovery, by "specifying terms, including time and place, for the . . . discovery."[24]  Pursuant to this provision, "[t]he trial court has great discretion in establishing the time and place of a deposition."[25] Accordingly, the district court may determine where a deposition should be conducted and which party should bear any travel expenses associated with the deposition.[26]

In considering a motion for protective order such as Plaintiffs', this Court must keep in mind the general principles that apply to selecting the place to conduct a deposition.  The Federal Rules of Civil Procedure do not dictate where depositions may be taken.  Thus, the examining party may set the place for the deposition of the opposing party, subject to the court' power under Rule 26(c)(2)

---

[22]*Seattle Times*, 467 U.S. at 36.

[23]*ICE Corp. v. Hamilton Sundstrand Corp.*, No. 05-4135-JAR, 2007 WL 1652056, at *3 (D. Kan. June 6, 2007) (quoting Fed. R. Civ. P. 26(c)); *Aikens v. Deluxe Fin. Servs., Inc.*, 217 F.R.D. 533, 534 (D. Kan. 2003) ("A party may obtain a protective order only if it demonstrates that the basis for the protective order falls within one of the categories enumerated in Rule 26(c).  In other words, the protective order must be necessary to protect the party from "annoyance, embarrassment, oppression or undue burden or expense.").

[24]Fed. R. Civ. P. 26(c)(1)(B).

[25]*In re Standard Metals Corp.*, 817 F.2d 625, 628 (10th Cir. 1987).

[26]*Stubbs v. McDonald's Corp.*, No. 04-2164-GTV-DJW, 2005 WL 375662, at *1 (D. Kan. Jan. 26, 2005).

to enter a protective order designating a different place.[27]  As a general rule, however, "a plaintiff will be required to make himself or herself available for examination in the district in which suit was brought."[28]  This rule is based on the premise that the plaintiff has selected the forum and should not be heard to complain about having to appear there for a deposition.[29]

Finally, this Court is mindful of the admonition that the Federal Rules are to be construed to secure the just, speedy and inexpensive determination of every action.[30]  With these various principles and rules in mind, the Court will now determine whether Plaintiffs are entitled to the requested protective order.

### B.    Are Plaintiffs Entitled to a Protective Order?

Having reviewed the parties' arguments, the Court is not persuaded that the requested protective order should be granted.   Plaintiffs' sole support for their requested protective order is undue burden and expense.  As the party objecting to the discovery, Plaintiffs have the burden of making "a particular and specific demonstration of fact" to show that the taking of depositions in Kansas City pursuant to the noticed schedule is *unduly* burdensome or *unduly* expensive.[31] Plaintiffs do not carry that burden.

---

[27]*Id.*, at *1; *see also Moss v. Blue Cross & Blue Shield of KS, Inc.*, No. 06-4015-JAR, 2004 WL 141020, at *2 (D. Kan. Jan. 17, 2007) ("While the court encourages counsel to confer prior to the scheduling of depositions in order to minimize expense and inconvenience, the court does not find such courtesy to be a necessary prerequisite of the applicable procedural rules . . . .") (citation omitted).

[28]*Williams v. Sprint/United Mgmt. Co.*, No. 03-2200,  2006 WL 1867471, at *3 (D. Kan. June 30, 2006) (quoting *Stubbs*, 2005 WL 375662, at *1).

[29]*Williams*, 2006 WL 1867471, at *3; *Stubbs*, 2005 WL 375662, at *1.

[30]*See* Fed. R. Civ. P. 1 (The Federal Rules of Civil Procedure "should be construed to secure the just, speedy, and inexpensive determination of every action.").

[31]*See Gulf Oil Co.,* 452 U.S. at 102 n. 16 (1981).

Plaintiffs have failed to provide an affidavit or specific supporting information to substantiate their claim that traveling to Kansas City for the depositions would be unduly burdensome. Plaintiffs merely provide a listing of round-trip airfares that range from $295 to $416. Even assuming that this listing contains accurate cost information, it is not sufficient to satisfy Plaintiffs' burden. The mere fact that Plaintiffs are subjected to some expense in traveling to Kansas City from El Paso for their depositions is not sufficient to show that the burden is "undue" so as to justify a protective order.

Rule 26(c) speaks of "undue" burden or expense. Thus, the inquiry is not whether the discovery is burdensome or expensive, but rather whether the burden or expense is *unreasonable* in light of the benefits to be secured from the discovery.[32] Plaintiffs fail to show how requiring each of the fourteen El Paso Plaintiffs to travel to Kansas City is *unreasonably* burdensome or expensive. That each El Paso Plaintiff may incur approximately $400 - $500 in expenses is simply not enough to show unreasonable hardship, particularly in light of Plaintiffs' substantial claims for back pay, overtime, liquidated damages, and attorney's fees.[33] Moreover, Plaintiffs omit from their discussion of expenses any *specific* information regarding the costs that Defendants' attorneys would incur if they are required to travel to El Paso to take these deposition and how those costs would compare to the costs to Plaintiffs.[34]

---

[32]*Heartland Surgical Specialty Hosp., LLC v. Midwest Div., Inc.*, No. 05-2164-MLB-DW, 2007 WL 3171768 at *4 (D. Kan. Oct. 29, 2007) (citations omitted).

[33]Plaintiffs' Amended Complaint (doc. 214) does not indicate the dollar amount of the damages sought. The Amended Complaint does, however, assert that Plaintiffs are seeking back pay and overtime "for the time spent working pre-shift, post-shift and during unpaid meal breaks" and other "off the clock" work, for the three-year period preceding the filing of the Complaint. Am. Compl. (doc. 214), ¶¶ 4-6, 36. Plaintiffs also seek to recover liquidated damages in an amount equal to the unpaid overtime pay. *Id.*, ¶37. In addition, they seek to recover their attorneys' fees. *Id.*, ¶38.

[34]Plaintiffs merely make the conclusory assertion that "[a]dding in lodging and meals for 14 (continued...)

"[D]uring the course of litigation, parties will generally incur expenses."[35]  Here, Plaintiffs opted in to the present lawsuit knowing that it is inevitable that they will incur some expenses and loss of time on account of their depositions.  That they will incur expenses to travel to Kansas City simply does not establish the necessary "undue burden or expense."

Moreover, Plaintiffs present no persuasive reason to deviate from the general rule that a plaintiff should be deposed in the forum district where he or she chose to file the lawsuit. Admittedly, none of the El Paso Plaintiffs made the initial decision to file this lawsuit in Kansas City, Kansas.  Each did, however, take the affirmative step to opt-in to the collective action, knowing full well that it was filed in Kansas City, Kansas.[36]

In sum, the Court does not find that Plaintiffs will be subject to "undue" burden if they are required to travel to Kansas City for their depositions.  Thus, the Court finds that Plaintiffs have failed to establish good cause for a protective order that would direct the depositions to take place in El Paso.

For similar reasons, the Court finds that Plaintiffs have failed to establish good cause for requiring the depositions to go forward on a more condensed schedule.  As the depositions will take

---

[34](...continued)
or more Plaintiffs, for a total travel cost of roughly $500 per Plaintiff (not to mention lost wages and/or vacation days for the Plaintiffs), makes the cost inefficiencies of bringing all of the El Paso Plaintiffs to Kansas City enormous compared to attorneys for the parties traveling to El Paso to conduct multiple depositions."  Pls.' Mot. for Protective Order (doc. 84) at p. 5.

[35]*Moss,* 2007 WL 141020, at *2 (quoting *Sentry Ins. v. Shivers*, 164 F.R.D. 255, 257 (D. Kan. 1996)).

[36]Pursuant to 29 U.S.C. § 216(b), only those employees who take the affirmative step of filing written consents may become part of the lawsuit.  The statute provides as follows:  "No employee shall be a party plaintiff to any such [collective] action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought."

place in Kansas City, where Plaintiffs' counsel work and reside, there will be no expenses for extended hotel accommodations for counsel and no periods of time away from counsel's "home base." In addition, discovery does not close until April 30, 2009, which should provide the parties ample time to complete these fourteen depositions on the schedule proposed by Defendant. If the number of opt-in Plaintiffs should greatly increase, then a change in the deposition scheduling may be necessary. At this point in time, however, there appears no need for the Court to condense the deposition schedule for these fourteen opt-in Plaintiffs.

Finally, for reasons similar to those stated above, the Court finds that Plaintiffs have failed to show good cause for an order that would require Defendant to share equally in the El Paso Plaintiffs' deposition travel costs. The general practice is that each party pays his or her own deposition travel expenses. Plaintiffs have provided no special reason for overriding this practice under these circumstances.

### C.    Conclusion

The Court finds that Plaintiffs have failed to show the requisite undue burden or expense that would support a protective order and override the general presumption that a plaintiff should be deposed in the district in which he or she brings the action. The Court therefore denies Plaintiffs' request for a protective order. The Court also denies Plaintiffs' alternative request that Defendant be ordered to pay half of Plaintiffs' travel costs. Plaintiffs' Motion for Protective Order is therefore denied. The parties shall confer and attempt to formulate a mutually agreeable schedule for the depositions of these fourteen El Paso opt-in Plaintiffs.

The Court notes that Defendant has filed a sur-reply in which it discusses the depositions of certain opt-in Plaintiffs who work at Defendant's call center in Oklahoma City, Oklahoma.[37]  Those depositions were not noticed until after the instant Motion for Protective Order was filed, and they are not the subject of the instant motion.  The Court therefore makes no ruling in this Order as to those particular depositions.  To the extent the parties continue to have a dispute as to where those depositions should take place, the parties shall make a good faith effort to resolve that dispute, taking into consideration the rulings and principles set forth in this Order.

## IV.     Fees and Expenses Incurred in Connection with This Motion

Defendant requests, in the event the Court denies Plaintiffs' Motion, that the Court order Plaintiffs to pay the expenses Defendant has incurred in responding to their motion.  Rule 26(c) expressly provides that Rule 37(a)(5) applies to the award of expenses incurred in relation to a motion for protective order.[38]  Thus, the Court must look to Rule 37(a)(5) to determine whether an award of expenses is appropriate.

Subsection (b) of Rule 37(a)(5) applies when, as here, a motion for protective order is denied.  That rule provides as follows:

> If the motion is denied, the court . . .  must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees.  But the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust.[39]

---

[37]*See* Supp. Mem. in Opposition to Mot. for Protective Order (doc. 258) at pp. 1-2.

[38]Fed. R. Civ. P. 26(c)(3).

[39]Fed. R. Civ. P. 37(a)(4)(B).

Thus, if the motion for protective order was "substantially justified," no fees or expenses may be awarded. A motion for protective order will be deemed "substantially justified" within the meaning of Rule 37, if it is "justified to a degree that could satisfy a reasonable person"[40] or where "reasonable people could differ as to the appropriateness" of the motion.[41]

Applying this standard here, the Court finds that Plaintiffs' Motion for Protective Order was substantially justified. The Court will therefore decline to award Defendant any expenses or fees incurred in responding to Plaintiffs' motion. Accordingly, each party shall bear its/his/her own costs and expenses incurred in connection with the Motion to Compel.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion for Protective Order (doc. 84) is denied.

**IT IS FURTHER ORDERED** that each party shall bear its/his/her own expenses incurred in connection with the Motion for Protective Order.

**IT IS SO ORDERED**.

Dated in Kansas City, Kansas on this 1st day of October 2008.

s/ David J. Waxse
David J. Waxse
U.S. Magistrate Judge

cc:     All counsel and *pro se* parties

---

[40]*See Cardenas v. Dorel Juvenile Group, Inc*., Civ. A. No. 04-2478-KHV-DJW, 2005 WL 3503625, at *2 (defining term "substantially justified" with respect to a discovery response or objection) (quoting *Sheppard v. River Valley Fitness One, L.P.*, 428 F.3d 1, 12 (1st Cir. 2005)).

[41]*See id.* (defining term with respect to a discovery response or objection) (quoting *Maddow v. Procter & Gamble Co., Inc.*, 107 F.3d 846, 853 (11th Cir. 1997)).