IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| WILLIAM GIPSON, individually and on behalf of a class of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SOUTHWESTERN BELL TELEPHONE CO.,<br><br>Defendant. | CIVIL ACTION<br><br>No. 08-CV-2017 KHV |

## ORDER

This matter is before the Court on Plaintiffs' Agreed Motion for Leave to Seal Plaintiffs' Motion for Conditional Collective Action Certification. See Doc. #280 filed September 30, 2008. The parties seek protection of defendant's alleged "trade secrets" and other confidential information under Federal Rule of Civil Procedure 26(c)(1)(G). Id. at 1. An existing protective order in this matter covers all exhibits designated as "confidential" and pertains to personnel records of both parties, defendant's non-public business operations records and plaintiffs' personal financial information. See Protective Order (Doc. #39) at 2.

## Standard

The law does not recognize an absolute privilege for trade secrets and similar confidential information. Centurion Indus., Inc. v. Warren Steurer & Assoc., 665 F.2d 323, 325 (10th Cir.1981). To successfully establish the need to file under seal pursuant to Rule 26(c)(1)(G), Fed. R. Civ. P., the party must demonstrate that the information in question is a trade secret and that its disclosure might be harmful. Id. Regardless of the existence of a protective order, any motion to seal parts of the record must also establish that the interests favoring non-disclosure outweigh the public's

interest in access to court documents.  See Nixon v. Warner Commc'ns, 435 U.S. 589, 599 (1978); Crystal Grower's Corp. v. Dobbins, 616 F.2d 458, 461 (10th Cir. 1980).  The public has a fundamental interest in understanding disputes that are presented to a public forum for resolution. Id. at 461.  In addition, the public's interest in district court proceedings includes the assurance that courts are run fairly and that judges are honest.  Id.

Where the movants have provided no evidence that information constitutes a trade secret and have not established that disclosure of the information may be harmful, movants have not met their burden under Rule 26(c)(1)(G).  See Cunningham v. Standard Fire Ins. Co., No. 07-CV-02538, 2008 WL 2668301 at *7 (D. Colo. Jul. 1, 2008).  In addition, the party seeking a protective order has the burden to show good cause for it.  Sentry Ins. v. Shivers, 164 F.R.D. 255, 256 (D. Kan. 1996).  To establish good cause, a moving party must submit particular and specific facts, and not merely "stereotyped and conclusory statements."  Gulf Oil Co. v. Bernard, 452 U.S. 89, 102 n. 16, 101 S.Ct. 2193 (1981).

Here, plaintiffs assert that defendant's records and other documents, along with plaintiffs' financial information, are "confidential" under the protective order and warrant protection as trade secrets in accord with Rule 26(c)(1)(G).[1]  Plaintiffs, however, have failed to suggest why this information, if disclosed, might be harmful to either party.  Nowhere in their request do plaintiffs establish why the exhibits labeled confidential are trade secrets or otherwise protected under the

---

[1] Plaintiffs request leave to file under seal more than 500 documents. A review of the exhibits attached to plaintiffs' motion reveals the following documents which they seek to seal: Exhibit A-2: Email from management, Exhibit A-3: Defendant's "Supervisor Manual" and attached memorandum, Exhibit A-4: Labor Agreement between defendant and plaintiffs' union, Exhibits A-5 and A-6: summaries of job descriptions, and Exhibits A-8 through A-12: Defendant's "Office Expectations" and memorandum to various employees. Most of these documents relate to defendant's office policies and procedures.

rule. Furthermore, plaintiffs do not demonstrate that redaction would be insufficient to protect any information which is a legitimate trade secret or is legitimately confidential personal information. Instead, plaintiffs base their request fully on the magistrate judge's protective order and the joint agreement of the parties to place this information under seal. The Court therefore denies plaintiffs' request to seal these documents.[2]

**IT IS THEREFORE ORDERED** that <u>Plaintiffs' Agreed Motion for Leave to Seal Plaintiffs' Motion for Conditional Collective Action Certification</u> (Doc. #280), filed September 30, 2008, be and hereby is **OVERRULED**.

Dated this 23rd day of October, 2008 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge

---

[2] Section II., I. of the District of Kansas Administrative Procedures for Filing, Signing, And Verifying Pleadings and Papers By Electronic Means In Civil Cases provides that:

> [P]arties may modify or partially redact. . .confidential information as permitted by the court (*e.g.*, driver's license numbers, medical records, employment history, individual financial information, and proprietary or trade secret information). Consistent with the E-Government Act of 2002. . .a party that files a document with such personal data identifiers or other confidential information redacted may file an unredacted version of the document under seal or file a reference list under seal.