IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| WILLIAM GIPSON, individually and on behalf of a class of others similarly situated,<br><br>      Plaintiffs,<br><br>v.<br><br>SOUTHWESTERN BELL TELEPHONE COMPANY (f/k/a SWBT, Inc., f/k/a Southwestern Bell Telephone, L.P.,<br><br>      Defendant. | Case No. 08-CV-2017 ~~KHV~~/DJW    EFM |

## MEMORANDUM AND ORDER

Defendant Southwestern Bell Telephone Company ("Southwestern Bell") has moved for an Extension of Time to Respond to Plaintiffs' Motion for Conditional Certification (doc. 316), requesting 21 days after all El Paso consent filers appear for depositions, or in the alternative, 21 days. For the reasons set forth below, the Court denies the motion.

**I. Background**

Plaintiffs filed their Motion for Conditional Certification (doc. 280) on Sept. 30, 2008. Defendant was required to respond by Oct. 14, 2008. On Oct. 9, 2008, Defendant filed its Motion for Extension of Time to Respond to Plaintiffs' motion (doc. 316). Defendant asserts that the extension of time was needed to conduct depositions of all individuals who submitted declarations in support of the Motion of Conditional Certification. Defendant cites no authority in support of its position.

**II. Analysis**

The exclusive procedural mechanism for certifying a collective action under the Fair Labor Standards Act ("FLSA")[1] is governed by 29 U.S.C. § 216(b).[2] Under this provision, a plaintiff seeks conditional certification for the purpose of providing notice to putative class members.[3] For analyzing a motion for conditional certification, the Tenth Circuit has approved a two-step process.[4] Utilizing this approach, a court, applying a fairly lenient standard, makes an initial "notice stage" determination as to whether putative class members are "similarly situated," and requires "nothing more than substantial allegations that the putative class members were together the victims of a single decision, plan or policy."[5] The court needs only to consider "the substantial allegations of the complaint along with any supporting affidavits or declarations."[6] Through this determination, typically completed early in the litigation and before completion of discovery, the court decides whether to conditionally certify the collective action for purposes of notifying potential class members.[7] It is at the close of discovery that "the court utilizes a stricter standard of 'similarly situated' which requires evaluation of several factors, including: (1) disparate factual and employment settings of individual plaintiffs; (2) the various

---

[1] 29 U.S.C. § 201 *et seq.*

[2] *Brown v. Money Tree Mortgage, Inc.*, 222 F.R.D. 676, 678 (D. Kan. 2004).

[3] *Renfro v. Spartan Computer Servs., Inc.*, 243 F.R.D. 431, 432 (D. Kan. 2007).

[4] *Thiessen v. Gen. Elec. Capital Corp.*, 267 F.3d 1095, 1102-03 (10th Cir. 2001).

[5] *Id.* at 1102 (quoting *Bayles v. American Med. Response of Colo., Inc.*, 950 F.Supp. 1053, 1066 (D. Colo. 1966)).

[6] *Renfro*, 243 F.R.D. at 434.

[7] *Id.* (citing *Brown*, 222 F.R.D. at 679); *Gieseke v. First Horizon Home Loan Corp.*, 408 F. Supp. 2d 1164, 1166 (D. Kan. 2006).

defenses available to defendants which appear to be individual to each plaintiff; and (3) fairness and procedural considerations."[8]  The second step is generally prompted by a motion to decertify.[9]

In light of the above, the Court finds that because the initial "notice stage" determination does not involve an evaluation of discovery, Defendant is not entitled to an extension of time to respond to Plaintiff's Motion for Conditional Certification.[10]  However, the Court recognizes that during the pendency of this motion, the original filing times have expired.  Therefore, the Court will grant Defendant five business days from the date of this Order in which to file its response.

**IT IS THEREFORE ORDERED** that Southwestern Bell Telephone Company's Motion for Extension of Time to Respond to Plaintiffs' Motion for Conditional Certification is DENIED.

**IT IS FURTHER ORDERED** that Defendant shall have five (5) business days from the date of this Order to respond to Plaintiffs' Motion for Conditional Certification.

**IT IS SO ORDERED.**

Dated in Wichita, Kansas on this 28th day of October, 2008.

 /s  Eric F. Melgren
Eric F. Melgren
UNITED STATES DISTRICT JUDGE

---

[8] *Renfro*, 243 F.R.D. at 432.

[9] *Gieseke*, 408 F. Supp. 2d at 1166.

[10] The Court further finds Defendant was on notice of Kansas District Court Judge Vratil's analysis of law regarding this issue in *Lewis v. ASAP Land Express, Inc.*, No. 07-2226-KHV, 2008 WL 2152049 (D. Kan. May 21, 2008), and *Renfro v. Spartan Computer Servs., Inc.*, 243 F.R.D. 431, 432 (D. Kan. 2007).