IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

WILLIAM GIPSON, individually and
on behalf of a class of others similarly
situated,

            Plaintiffs,

v.

SOUTHWESTERN BELL
TELEPHONE COMPANY
(f/k/a SWBT, Inc., f/k/a Southwestern
Bell Telephone, L.P.,

            Defendant.

Case No. 08-CV-2017 EFM/DJW

**MEMORANDUM AND ORDER**

Defendant Southwestern Bell Telephone Company ("Southwestern Bell") has moved for Reconsideration of the Court's October 23, 2008, Order Denying Plaintiff's Sealed Motion for Leave to File Under Seal (doc. 373). For the reasons set forth below, the Court denies Defendant's Motion for Reconsideration and Sustains the October 23, 2008 Order (doc. 348).

**I. Background**

U.S. District Court Magistrate Judge David J. Waxse issued a Protective Order in this case on May 30, 2008, that covers exhibits exchanged between the parties designated as "confidential." Pursuant to that Order, a party desiring to use information identified as confidential must first seek leave of the Court to file those documents under seal (doc. 39, ¶ 11).

Plaintiffs filed a Sealed Motion for Leave to File Under Seal on Sept. 30, 2008 (doc. 280). Plaintiffs attached to their motion a proposed sealed document entitled "Motion for Conditional

Class Certification," along with over 500 pages of document exhibits which Plaintiffs also proposed be sealed. U.S. District Court Judge Kathryn H. Vratil reviewed and denied Plaintiffs' motion to file under seal on October 23, 2008 (doc. 348). Judge Vratil reasoned that Plaintiffs based the request entirely on the Protective Order and parties' agreement to file the documents under seal. Plaintiffs, however, failed to establish why the documents, if disclosed, would be harmful the either party and also failed to demonstrate why documents labeled as "confidential" were trade secrets or otherwise protected under Fed. R. Civ. P. Rule 26(c)(1)(G).[1]

## II. Standard of Review

Although the public has a general right to access court documents, whether to permit access remains the discretion of the trial court.[2] In exercising that discretion, the court must analyze information "in light of the relevant facts and circumstances of the particular case," balancing the rights of the public with the parties' interests in sealing the documents.[3] There is a strong presumption in favor of access, and to overcome that presumption, a party seeking to file under seal must articulate to the court facts sufficient to establish that a public or private harm would exist if the documents were open to public view.[4]

## III. Analysis

In its Motion for Reconsideration, Defendant argues that the Court, in issuing the Protective

---

[1] See Judge Vratil's Order Denying Plaintiff's Motion to File Under Seal (Doc. 348). Thereafter, this case was transferred from J. Vratil to the undersigned.

[2] *Nixon v. Warner Commc'ns*, 435 U.S. 589, 597, 599 (1978); *see also Worford v. City of Topeka*, No. 03-2450-JWL-DJW, 2004 U.S. Dist. LEXIS 2362, at *3 (D. Kan. Feb. 17, 2004).

[3] *Nixon*, 435 U.S. at 597-99.

[4] *Stapp v. Overnight Transport Co.*, No. CIV. A. 96-2320-GTV, 1998 WL 229538, at * 1 (D. Kan. Apr. 10, 1998).

Order, determined that good cause existed for protecting certain documents from disclosure. The Protective Order covers all exhibits that are marked as "confidential," and includes information such as the personnel records of both parties, non-public business operations records, and Plaintiffs' personal financial information (doc. 39, at 2). The Protective Order, however, was put in place to facilitate the discovery process, and it does not alter the moving party's burden of establishing a public or private harm sufficient to outweigh the public's right of access (doc. 39, ¶ 11). The fact that the parties agree to file under seal does not relieve the parties from the requirement of satisfying this burden.[5]

Plaintiffs, in filing their Sealed Motion for Leave to File Under Seal, included the motion itself as a sealed document (doc.280). Neither Plaintiffs, nor Defendant, have provided a sufficient basis for filing the motion itself under seal, which on its face, contains no information that is evident to this Court to justify filing the motion under seal. Moreover, Defendant has gone no further in its present motion than Plaintiffs in their original motion to identify reasons why the exhibits might be harmful if disclosed. While Defendant broadly implies that some documents may contain trade secrets, proprietary information, and confidentiality, the Court has not been provided with sufficient information to form an opinion as to which documents may contain such information. It is the parties' responsibility, and not the Court's, to parse through the 537 pages of documents marked as "confidential" that Plaintiffs request be filed under seal to identify a sufficient basis to overcome the public's right to access the information.

The Court finds that both in the original filing (doc. 280) and in the Motion for Reconsideration (doc. 373) the parties have failed to meet the burden of articulating a public or

---

[5]*Worford*, 2004 U.S. Dist. LEXIS 2362, at *4.

private harm sufficient to outweigh the public's right of access to warrant filing either the Motion for Leave to File Under Seal or the attached exhibits, under seal.

**IT IS THEREFORE ORDERED** that the Motion for Reconsideration of the Court's Order denying Plaintiffs' Sealed Motion for Leave to File Under Seal (doc. 373) is DENIED.

**IT IS SO ORDERED.**

Dated in Wichita, Kansas on this 6th day of November, 2008.

/s Eric F. Melgren
Eric F. Melgren
UNITED STATES DISTRICT JUDGE