IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| WILLIAM GIPSON, individually and on behalf of a class of others similarly situated,<br><br>*Plaintiffs*,<br><br>vs.<br><br>SOUTHWESTERN BELL TELEPHONE COMPANY (f/k/a SWBT, Inc., f/k/a Southwestern Bell Telephone, L.P.,<br><br>*Defendant.* | Case No. 08-CV-2017 EFM/DJW |

## MEMORANDUM AND ORDER

Presently before the Court is Plaintiffs' Motion for Conditional Class Certification for claims under § 216(b) of the Fair Labor Standards Act of 1938 ("FLSA") (Doc. 385), Plaintiffs' Sealed Motion for Leave to File Under Seal (Doc. 442), and Defendant's Motion to Strike New Matter Submitted by Plaintiffs in Reply in Support of Their Motion for Conditional Collection Action Certification (Doc. 467). The Court also addresses Defendant's Motion for Protective Order Regarding Confidential Documents (Doc. 414) and Defendant's Second Motion for Protective Order Regarding Confidential Documents (Doc. 463). For the reasons set forth below, the Court grants Plaintiffs' Motion for Conditional Class Certification, denies Plaintiffs' Sealed Motion for Leave to File Under Seal as moot, and grants Defendant's Motion to Strike New Matter Submitted by

Plaintiffs. Defendant's Motion and Second Motion for Protective Order are denied as moot.

## I. Standard

Section 216(b) of the Fair Labor Standards Act of 1938 provides for an opt-in class action where the complaining employees are "similarly situated."[1] The Tenth Circuit has approved a two-step approach in determining whether plaintiffs are "similarly situated" for purposes of § 216(b).[2] Under this approach, a court typically makes an initial "notice stage" determination of whether plaintiffs are "similarly situated."[3] That is, the district court determines whether a collective action should be certified for purposes of sending notice of the action to potential class members.[4] For conditional certification at the "notice stage," a court "require[s] nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan."[5] At this stage, however, a court will not reach the merits of a plaintiff's claims.[6] The standard for certification at the notice stage, then, is a lenient one.[7]

It is at the close of discovery that the court revisits the class certification issue and utilizes a more strict standard to determine whether the plaintiffs are "similarly situated," which requires the

---

[1] 29 U.S.C. § 216(b).

[2] *See Thiessen v. General Elec. Capital Corp.*, 267 F.3d 1095, 1105 (10th Cir. 2001).

[3] *See id.* at 1102 (citing *Vaszlavik v. Storage Tech. Corp.*, 175 F.R.D. 672, 678 (D. Colo. 1997)).

[4] *See Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1213-14 (5th Cir . 1995).

[5] *See Thiessen*, 267 F.3d at 1102 (quoting *Vaszlavik*, 175 F.R.D. at 678). At the initial stage, a court may consider affidavits and declarations provided in support of a plaintiff's allegations when deciding whether to grant conditional class certification. *Renfro v. Spartan Computer Servs.*, 243 F.R.D. 431, 432 & n.1 (D. Kan. 2007).

[6] *Gieseke v. First Horizon Home Loan Corp.*, 408 F. Supp. 2d 1164, 1166 (D. Kan. 2006).

[7] *See Thiessen*, 267 F.3d at 1103; *see also Brooks v. BellSouth Telecomms, Inc.*, 164 F.R.D. 561, 568 (N.D. Ala. 1995) (certification decision at the notice stage is usually based only on the pleadings and any affidavits which have been filed and, thus, the standard is fairly lenient and typically results in conditional certification of a representative class).

evaluation of several factors.[8] These factors include: (1) disparate factual and employment settings of individual plaintiffs; (2) the various defenses available to defendants which appear to be individual to each plaintiff; and (3) fairness and procedural considerations.[9] The second step is generally prompted by a motion to decertify the class.[10]

## II. Factual Background

Plaintiffs filed this action on January 8, 2008, and filed their First Amended Complaint on September 3, 2008.[11] The following is summarized from Plaintiffs' first amended complaint: Defendant Southwestern Bell Telephone Company ("SWBT") operates call centers in Missouri, Oklahoma, Kansas, Arkansas, and Texas ("MOKAT region"). A call center telephone representative is primarily responsible for answering telephone calls from SWBT customers and providing assistance to those customers with billing inquiries, activation or updating of accounts, and service or equipment issues. A telephone representative is also tasked with updating and educating customers about SWBT products or services, and to sell additional products or services when possible.

The telephone representatives are classified as "non-exempt" under the FLSA and are paid on an hourly basis. Telephone representatives do not independently record the time they work, but instead SWBT provides them with pre-populated timesheets that only account for the time the employees are answering telephone calls. The timesheets do not reflect the time employees are

---

[8]*Renfro*, 243 F.R.D. at 432.

[9]*Id.*

[10]*Gieseke*, 408 F. Supp. 2d at 1166.

[11]Doc. 214.

performing required, pre-call preparatory tasks employees complete prior to the start of their shift, tasks employees complete during lunch breaks, or tasks performed after shifts are completed.[12] SWBT does not permit employees to alter the timesheets to include the time worked to complete these tasks that are "integral and indispensable" for employees to perform their required customer service duties. Plaintiffs have regularly worked more than 40 hours per week, but SWBT has not maintained accurate and complete records reflecting the overtime worked by Plaintiffs. Plaintiffs have not been paid for the additional time worked. SWBT uniformly denies its telephone representatives overtime pay for these extra tasks performed in its MOKAT call centers.

In support of the allegations set forth in their Complaint, Plaintiffs submitted a number of declarations, one of which was of Plaintiff William Gipson.[13] That declaration states that Gipson worked for Southwestern Bell Telephone Company ("SWBT") as a telephone dedicated customer service representative at its Wichita call center. His job duties involved receiving telephone calls from customers to help resolve the customer's problem or to offer and sell additional SWBT products or services.[14] Prior to assisting customers, Gipson was required to log into his computer and open several software applications. Logging into the computer and opening software applications took time to open, and when computer issues prevented the applications from opening properly, additional time was required.[15]

---

[12]These tasks include booting up computers, logging into SWBT's network, opening computer programs used during calls, reviewing emails and memoranda that relate to SWBT's promotions and services, and other essential tasks related to the employees' duties. These tasks must be performed before a telephone representative is ready to answer calls from SWBT customers.

[13]Doc. 385, ex. C.

[14]*Id.* ¶¶ 1-2.

[15]*Id.* ¶¶ 3-5.

Gipson was required to be ready to begin taking customer calls at the start of his shift to avoid being held as either tardy or out of adherence. To meet this requirement, Gipson regularly arrived at least 10 minutes early each day to perform the necessary logon tasks. SWBT's high expectations of its telephone service representatives regarding the volume of sales and the percentage of time spend with customers on the telephone necessitate service representatives working additional time pre-shift, during lunch breaks, and post-shift to complete various tasks so that completing those tasks will not impact their call volume or on-call time. SWBT did not compensate Gipson for his additional time worked.[16]

A number of other plaintiffs have submitted declarations substantially similar to that of Gipson's.[17] In their declarations, each indicate that they were employed by SWBT as a telephone dedicated customer service representative, and described their duties substantially the same or similar to that of Gipson's duties. Each also described the requirement of logging onto SWBT's computer system and opening up various applications before taking customer calls, completed prior to beginning their shift and without pay. In addition, all plaintiffs' declarations indicated that it was necessary for them to perform tasks essential to their position during lunch breaks, post-shift, or both, in order to maintain acceptable call times and sales volume. The majority of the declarations are of employees from the Wichita, Kansas call center, six are from employees from SWBT's El Paso, Texas call center, and one is from SWBT's Springfield, Missouri call center.

---

[16] *Id.* ¶¶ 6-8.

[17] The submitted declarations are identical except for identifying the call center each was employed and identifying whether they worked pre-shift, lunch breaks, or post-shift without pay.

### III. Analysis

Plaintiffs contend that conditional collective action certification is warranted because they have met their burden of showing that the potential class members are similarly situated. Plaintiffs posit that they are employed by SWBT in the same or similar positions, albeit different locations,[18] and were all subjected to the same or similar company-wide practice of being required to work extra time in which SWBT failed to pay overtime. Defendant argues that plaintiffs have failed to demonstrate substantial allegations that they were together victims of a single decision, plan, or policy by SWBT in violation of the FLSA. Defendant further asserts, among other arguments, that because Plaintiffs have failed to sufficiently describe the putitive class members, conditional certification is inappropriate. The Court finds, however, that at this step of the certification process, Defendant's arguments are either unpersuasive or premature.

This district had held that "[g]enerally, where putative class members are employed in similar positions, the allegation that defendants engaged in a pattern or practice of not paying overtime is sufficient to allege that plaintiffs were together the victims of a single decision, policy, or plan."[19] Plaintiffs have sufficiently alleged in their Complaint, supported by the declarations of sixteen employees, that they were "together the victims of a single decision, policy, or plan" which was SWBT's practice or plan to not pay overtime for time worked over 40 hours per week.[20]

---

[18]Plaintiffs contend that the different locations support finding that SWBT's refusal to pay overtime is a company-wide practice rather than a one-location or specific manager related occurrence.

[19]*Renfro*, 243 F.R.D. at 433-34 (citing *Brown v. Money Tree Mortg., Inc.*, 222 F.R.D. 676, 681 (D. Kan. 2004).

[20]*See Thiessen*, 267 F.3d at 1102.

Contrary to Defendant's arguments, Plaintiffs have sufficiently described the category of putative plaintiffs similarly situated for conditional certification. Plaintiffs have described the putative class as those telephone dedicated customer service representatives at SWBT call centers that assist new or existing customers with activating or updating new accounts, assist with billing inquires, and handle service or equipment issues. Variations among actual job title or some responsibilities does not preclude notice stage certification where all employees share general duties and the defendant denies overtime pay to all.[21] Accordingly, "telephone dedicated customer service representative" is an appropriate putative class designation.

The majority of Defendant's arguments opposing conditional collective action certification are premature at this first stage of the two-step, *ad hoc* approach.[22] At the notice stage of certification, we need only consider the substantial allegations of the complaint and any supporting affidavits or declarations.[23] Defendant's arguments directed at the merits of Plaintiffs' claims, on the disparate employment settings, such as organizational differences between call centers, and defenses against particular plaintiffs are more appropriate to be considered at the second stage of the *ad hoc* analysis upon completion of discovery.[24]

Defendant asserts that if conditional certification is granted, the scope of the class should be limited to those employees claiming pre-shift work without pay, and in addition, the class should

---

[21] *See Pivonka v. Bd. of County Comm'rs of Johnson County, Kan.*, 2005 WL 1799208, at *4 (D. Kan. July 27, 2005).

[22] The Court notes the Plaintiffs have also invited the Court to consider additional evidence beyond their Complaint and supporting affidavits and declarations; however, as with Defendant's arguments, we decline to consider these exhibits at this step in the certification analysis.

[23] *Thiessen*, 267 F.3d at 1102; *see also Brown*, 222 F.R.D. at 680.

[24] *See Thiessen*, 267 F.3d at 1103 (identifying factors appropriate for the second stage analysis of certification).

be limited to those employees of the Wichita, Kansas, and El Paso, Texas, call centers only. Plaintiffs claim SWBT violated the FLSA by failing to pay employees for time worked in performing duties essential to the proper performance of their jobs, providing declarations from call centers in three different states. And while it is true that not all of Plaintiffs' supporting declarations allege that every employee worked during their lunch breaks or post-shift, each employee's declaration claimed that they worked extra time without being compensated by SWBT. As failure to pay overtime is the FLSA violation Plaintiffs allege, the Court is not inclined to limit the class to only those employees claiming pre-shift work without pay, nor will we limit this notice stage to only the Wichita, Kansas or El Paso, Texas call centers.

Plaintiffs have sufficiently alleged that the putative class members are similarly situated hourly telephone dedicated customer service representatives, employed by SWBT from April 20, 2006 to present, for purposes of providing notice of the action to all putative class members. As a result, Plaintiffs are entitled to specific discovery of the names and addresses of the putative class members who have worked for SWBT in its Missouri, Oklahoma, Kansas, Arkansas, and Texas call centers within the last three years from the date of this Order.[25] Accordingly, Defendant shall have up to and including May 20, 2009, to provide Plaintiffs the names and last known addresses of all hourly telephone dedicated customer service representatives[26] employed by Defendant in its MOKAT region call centers from April 20, 2006, to present.

*Notice and Consent Form*

Plaintiffs submitted their proposed Notice of Collective Action Lawsuit and Consent to Join

---

[25] *Vaszlavik*, 175 F.R.D. at 681-82.

[26] This title includes all hourly, telephone dedicated customer service representatives that provided services to customers as described previously in this Order, regardless of official job title.

for the Court's review.[27] Although Defendant has not objected to either form, the Court has the power and duty to ensure fair and accurate notice.[28] However, the Court should refrain from altering a plaintiff's proposed notice unless doing so is necessary.[29] After reviewing Plaintiffs' proposed notice and consent to join, we are satisfied that each constitute a fair and impartial explanation of this case along with the options available to prospective class members. Accordingly, the Court approves Plaintiffs' proposed Notice of Collective Action Lawsuit and Consent to Join as attached as Exhibits 21 and 22 to Plaintiffs' Motion for Conditional Class Certification, except that Plaintiffs shall correct both the assigned judge and case number on page 2 of the Notice, and the case number on page 1 of the Consent to Join to reflect the appropriate judge assigned to oversee this case.[30] As soon as practicable, Plaintiffs shall disseminate the notice and consent form to potential class members as described in this Order granting Conditional Collective Action Certification for the purpose of providing notice to potential class members.

### *Plaintiffs' Sealed Motion for Leave to File Under Seal*

As previously explained in this Order, the Court need only consider the substantial allegations in the complaint along with any supporting affidavits or declarations. The documents Plaintiffs request to be filed under seal are more appropriate for consideration during the second step of the *ad hoc* analysis rather than at this stage. Therefore, Plaintiffs' Sealed Motion for Leave to File Under Seal is denied.

---

[27] Doc. 385, ex. 21-22.

[28] *See Heitmann v. City of Chicago*, 2004 WL 1718420, at *3 (N.D. Ill. July 30, 2004) (cited in *Gieseke v. First Horizon Home Loan Corp.*, 2006 WL 2919076, at *1 (D. Kan. Oct. 11, 2006)).

[29] *See Heitmann*, 2004 WL 1718420, at *3.

[30] Doc. 385. This case was reassigned to U.S. District Judge Eric F. Melgren on October 27, 2008, case number 08-2017-EFM.

*Defendant's Motion to Strike New Matter Submitted by Plaintiffs in Reply in Support of Their Motion for Conditional Collection Action Certification.*

Defendant moves the Court to strike from Plaintiffs' Motion for Conditional Collective Action Certification exhibits F, G, M, N, O, P, Q, R, S, T, U, and V, and all corresponding argument relating to said exhibits. Without directly addressing all of Defendant's arguments, this Court grants Defendant's motion to strike the exhibits for the following reasons. Exhibits M, N, O, P, and V each present evidence or information obtained by Plaintiffs during discovery, and as previous addressed, this Court will not consider such information during the notice stage of the *ad hoc* analysis. As a result, we strike these exhibits. As for exhibits F, G, Q, R, S, T, and U, each are declarations from additional opt-in plaintiffs obtained by Plaintiffs on December 3, 2008, and included for the first time during Plaintiffs' Reply. Although this Court does not believe that including these declarations raise new "issues" before the Court regarding conditional collective action certification, all declarations supporting conditional certification should have been included in Plaintiffs' original motion, including their associated argument, to permit a fair and proper response by Defendants.[31] Accordingly, Defendant's Motion to Strike these exhibits and corresponding reference to such exhibits in Plaintiffs' briefing is granted.

*Defendant's Motions for Protective Order*

Defendant has moved the Court in two separate motions for a protective order for documents currently protected under Magistrate Judge Waxse's May 30, 2008, Protective Order.[32] It appears

---

[31] While the Court realizes that Plaintiffs did not have these particular declarations within their possession at the time they filed their original motion, they did have numerous other opt-in plaintiffs who had the ability to provide additional declarations to support the motion. The Court notes, however, that the decision to conditionally certify this case as a collective action is supported by the complaint and submitted declarations without including these additional declarations or argument.

[32] *See* Doc. 39.

from these motions and other previous motions concerning documents covered by the current protective order that the parties have some confusion as to the scope of the protective order and the process for filing documents under seal. The Court, therefore, provides the following guidance to provide some clarity to the parties, and hopefully, prevent the filing of unnecessary motions with regard to this topic.

As this Court previously explained in its November 6, 2008 Order, a protective order is put in place to facilitate *the discovery process*. Documents will not be automatically approved for filing under seal merely because they were produced pursuant to a protective order, nor because both parties stipulate to filing under seal. The courts recognize a general right of public access to court documents, but a court may deny access in their discretion. To overcome the presumption in favor of access, a party seeking to file under seal must articulate specific facts to establish a public or private harm from opening the documents to public view. When a party desires to attach to a pleading documents which were produced under a protective order, the party should first contact the opposing party to see if a redaction agreement can be reached which obviates the need for sealing.[33] If not, the movant shall file a motion for leave to file under seal, with the proposed sealed pleadings and documents attached. Both in it's motion, and in the response of the opposing party (who may claim the confidentiality of the documents), good cause must be shown to overcome the presumption of access. If the Court is satisfied from the pleadings, it may issue an order; or, it may schedule a telephonic hearing on the motion for leave to file under seal. Until the Court enters its order regarding the documents requested to be filed under seal, the current protective order remains in effect concerning those documents.

---

[33]The Court recognizes that often documents which are requested sealed are the ostensibly confidential documents of a party other than the movant.

Because a protective order already exists covering the documents identified in Defendant's motions requesting protective orders, each is denied as moot.

Accordingly,

**IT IS THEREFORE ORDERED** that Plaintiffs Motion for Conditional Class Certification for claims under § 216(b) of the Fair Labor Standards Act of 1938 ("FLSA") (Doc. 385) is hereby granted.

**IT IS FURTHER ORDERED** that on or before May 20, 2009, Defendant shall provide Plaintiffs with the names and last known addresses of all persons whom SWBT has employed as hourly telephone dedicated customer service representatives in its MOKAT region call centers at any time from April 20, 2006 to present.

**IT IS FURTHER ORDERED** that Plaintiffs' Sealed Motion for Leave to File Under Seal (Doc. 442) is denied.

**IT IS FURTHER ORDERED** that Defendant's Motion to Strike New Matter Submitted by Plaintiffs in Reply in Support of Their Motion for Conditional Collection Action Certification (Doc. 467) is granted.

**IT IS FURTHER ORDERED** that Defendant's Motion for Protective Order Regarding Confidential Documents (Doc. 414) is denied as moot.

**IT IS FURTHER ORDERED** that Defendant's Second Motion for Protective Order Regarding Confidential Documents (Doc. 463) is denied as moot.

**IT IS SO ORDERED.**

Dated this 20th day of April, 2009, in Wichita, Kansas.

        /s  Eric F. Melgren
Eric F. Melgren
UNITED STATES DISTRICT JUDGE