DJW/1

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**WILLIAM GIPSON,**
**individually and on behalf of a class**
**of others similarly situated, et al.,**

                    **Plaintiffs,**              Civil Action

v.                                          No. 08-2017-EFM-DJW

**SOUTHWESTERN BELL TELEPHONE**
**COMPANY, f/k/a/ SWBT, Inc., f/k/a**
**Southwestern Bell Telephone, L.P.,**

                    **Defendant.**

## MEMORANDUM AND ORDER

William Gipson brings suit against Defendant Southwestern Bell Telephone Company ("SWBT" or "Defendant") on behalf of himself and others similarly situated, seeking recovery of unpaid wages and overtime under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*. Pending before the Court is Defendant's Motion for Protective Order Regarding 30(b)(6) Depositions (doc. 318). For the reasons set forth below, the Court denies the Motion for Protective Order.

## I.    Background Information

Plaintiff Gipson alleges that he previously worked at Defendant's call center facility in Wichita, Kansas, and that "Defendant's practice and policy is to deny wages and overtime pay to its hourly paid, telephone dedicated service employees at its call center facilities."[1] The Amended Complaint states that the action "is brought as a collective action under the FLSA to recover unpaid

---

[1] Am. Compl. (doc. 214), ¶ 1.

wages owed to Plaintiff and all other similarly situated employees employed in Defendant's call centers."[2]

The Amended Complaint alleges as follows:

Plaintiff and similarly situated employees engage in numerous preparatory activities, as well as related work activities performed over breaks and at the end of the work day, that are integral and indispensable for them to perform their customer service duties. It is Defendant's policy and practice not to pay its hourly paid, telephone dedicated service representatives for this work time, consequently these employees are consistently working "off the clock" and without pay. Accordingly, under the holding of *Alvarez*, as well as under consistent rulings and interpretations of the United States Department of Labor, Plaintiff and all similarly situated employees are entitled to compensation for the time spent working pre-shift, post-shift and during unpaid meal breaks.[3]

The Amended Complaint further alleges that "Defendant uniformly denies wages and overtime pay to its employees by requiring them to perform 'off the clock' work. Defendant's deliberate failure to pay employees their earned wages and overtime compensation violates the FLSA."[4]

On April 20, 2009, the Court entered an Order conditionally certifying the case as a collective action and defining the class as "all hourly telephone dedicated customer service representatives" employed from April 20, 2006 to the present at call centers in SWBT's "MOKAT" region comprised of Missouri, Oklahoma, Kansas, Arkansas, and Texas.[5]

---

[2] *Id.*, ¶ 2.

[3] *Id.*, ¶ 4.

[4] *Id.*, ¶ 5.

[5] April 20, 2009 Mem. and Order (doc. 550) at 8.

## II. Nature of the Matter Before the Court

On October 2, 2008, Plaintiffs filed a notice to take the Rule 30(b)(6) deposition of Defendant (the "Deposition Notice").[6] The Deposition Notice asked Defendant to produce a company representative to provide testimony regarding eleven topics.

Defendant objected to many of the topics and the timing of the Deposition Notice. After conferring and remaining unable to resolve their disputes, Defendant filed the instant Motion for Protective Order. After the Motion was fully briefed, counsel informed the Court that the parties were able to resolve many of the issues raised in the Motion. The only issues that remain for the Court's resolution are those raised in "Question 3" as it applies to Topics 7-11.

## III. Analysis

### A. Standard for Ruling on a Motion for Protective Order

A party from whom discovery is sought may move for a protective order under Federal Rule of Civil Procedure 26(c)(1) to prevent or limit the scope of a deposition.[7] Pursuant to that rule, "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense, including . . . forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters."[8]

---

[6] *See* Pls.' Rule 30(b)(6) Notice of Deposition (doc. 291).

[7] *P.S. v. Farm, Inc.*, 07-2210-JWL-DJW, 2009 WL 483236, at *3 (D. Kan. Feb. 24, 2009) (citing Fed. R. Civ. P. 26(c); Fed. R. Civ. P. 30(d)(3)(B)).

[8] Fed. R. Civ. P. 26(c)(1).

3

The party seeking the protective order has the burden to show good cause for entry of the protective order.[9] To establish good cause, the movant must provide the court with "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements."[10] The court has broad discretion "to decide when a protective order is appropriate and what degree of protection is required."[11] The Supreme Court has recognized that "[t]he trial court is in the best position to weigh fairly the competing needs and interests of the parties affected by discovery. The unique character of the discovery process requires that the trial court have substantial latitude to fashion protective orders."[12]

Notwithstanding this broad grant of discretion, a court may issue a protective order *only* if the moving party "demonstrates that the basis for the protective order falls within one of the categories enumerated in Rule 26(c)."[13] In other words, the moving party must show that the requested order is necessary to protect the party "from annoyance, embarrassment, oppression, or undue burden or expense."[14] "Rule 26(c) does not provide for any type of order to protect a party

---

[9]*Day v. Sebelius*, 227 F.R.D. 668, 677 (D. Kan. 2005); *Bryan v. Eichenwald*, 191 F.R.D. 650, 651-52 (D. Kan. 2000) (citation omitted).

[10]*Bryan*, 191 F.R.D. at 652 (quoting *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n.16 (1981)).

[11]*MGP Ingredients, Inc. v. Mars, Inc*., 245 F.R.D. 497, 500 (D. Kan. 2007) (quoting *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984)).

[12]*Seattle Times*, 467 U.S. at 36.

[13]*ICE Corp. v. Hamilton Sundstrand Corp.*, No. 05-4135-JAR-KGS, 2007 WL 1652056, at *3 (D. Kan. June 6, 2007); *Kan. Waste Water, Inc. v. Alliant Techsystems, Inc*., No. 02-2605-JWL-DJW, 2005 WL 327144, at *2 (D. Kan. Feb. 3, 2005); *Aikens v. Deluxe Fin. Servs., Inc.*, 217 F.R.D. 533, 534 (D. Kan. 2003).

[14]*ICE*, 2007 WL 1652056, at *3; *Kan. Waste Water*, 2005 WL 327144, at *2; *Aikens*, 217 F.R.D. at 534.

4

from having to provide discovery on topics merely because those topics are overly broad or irrelevant, or because the requested discovery is not reasonably calculated to lead to the discovery of admissible evidence."[15] "Although a party may object to providing discovery on the basis that the request is overly broad, irrelevant or not calculated to lead to the discovery of admissible evidence, the court may only rule on the validity of such an objection in the context of a motion to compel. Such an objection is not a basis upon which the court may enter a Rule 26(c) protective order."[16]

### B.     Topic 7

Topic 7 of the Deposition Notice, as revised by counsel during the parties' meet and confer process, seeks testimony on the following subjects:

> Defendant's policies and practices regarding the creation and retention of records relating to hours worked and any records required to be maintained pursuant to 29 U.S.C. § 211(c).[17]

Defendant objects to Topic 7 "in that it is not limited to the types of records at issue in this lawsuit."[18] Defendant argues that the overbroad scope of this topic would require Defendant "to

---

[15]*P.S.*, 2009 WL 483236, at *3 (quoting *Kan. Waste Water,* 2005 WL 327144, at *2 (citation omitted)).

[16]*Id.* (quoting *Kan. Waste Water,* 2005 WL 327144, at *2 (citation omitted)).

[17]29 U.S.C. 211(c) provides in pertinent part:

> Every employer . . . shall make, keep, and preserve such records of the persons employed by him and of the wages, hours, and other conditions and practices of employment maintained by him, and shall preserve such records for such periods of time, and shall make such reports therefrom to the Administrator as he shall prescribe by regulation or order as necessary or appropriate for the enforcement of the provisions of this chapter or the regulations or orders thereunder.

[18]Def.'s Mem. in Support of Mot. for Protective Order (doc. 310) at 7.

5

incur undue expenses preparing for the [Rule 30(b)(6)] deposition."[19]  Relying on *McBride v. Medicalodges, Inc.*,[20] Defendant asserts that this topic "lack[s] the precision necessary to enable SWBT to effectively prepare for the depositions."[21]  Finally, in its reply brief, Defendant adds that the topic is "facially overbroad and thereby encompasses records that are not relevant in this case."[22]  For these reasons, Defendant asks the Court to limit Topic 7 "to the retention policy for records relating to hours worked."[23]

As discussed above, irrelevance and overbreadth are not grounds for granting a protective order.[24]  While the Court recognizes that Magistrate Judge Rushfelt granted a protective order based on relevancy and overbreadth objections in *McBride*, *supra*, the Court respectfully disagrees with that approach.  Rule 26(c)(1) is narrow in its scope and expressly limits such orders to situations where it is necessary "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."[25]  Neither relevance nor overbreadth is identified as a basis to support a protective order.  The Court declines to expand Rule 26(b) beyond its express terms.

---

[19]*Id.*

[20]250 F.R.D. 581 (D. Kan. 2008).

[21]Def.'s Mem. in Support of Mot. for Protective Order (doc. 310) at 7.

[22]Def.'s Reply (doc. 383) at 4.

[23]*Id*. at 5.

[24]*P.S.*, 2009 WL 483236, at *3; *Kan. Waste Water,* 2005 WL 327144, at *2 (citation omitted).

[25]Fed. R. Civ. P. 26(c)(1).

6

As noted above, Rule 26(c) does expressly permit a court to issue a protective order to protect a party from "undue burden or expense."[26] To obtain a protective order based on undue burden or expense, however, the moving party must present particular and specific facts to show how the discovery is unduly burdensome or expensive, and may not rely on "stereotyped and conclusory statements."[27] An affidavit or other evidentiary proof is usually the best way for a party to establish undue burden under Rule 26(c)(1).[28] In such situations, however, "a detailed explanation as to the nature and extent of the claimed burden or expense" may suffice.[29]

Here, Defendant provides no affidavit or other evidentiary support. Nor does it provide a detailed explanation as to the nature or the extent of the claimed burden or expense. Defendant merely asserts that the wide scope of this topic would make it difficult "to effectively prepare for the depositions" and would require Defendant "to incur undue expense preparing for the deposition."[30] These are nothing more than conclusory statements that fail to adequately support Defendant's request for a protective order.

In light of Defendant's failure to demonstrate how Topic 7 is unduly burdensome or expensive, the Court will deny the Motion for Protective Order as to this topic.

---

[26]*Id.*

[27]*Day,* 227 F.R.D. at 677; *Bryan,* 191 F.R.D. at 652 (quoting *Gulf Oil,* 452 at 102 n.16).

[28]*Kan. Waste Water*, 2005 WL 327144, at *3.

[29]*Id.*

[30]Def.'s Mem. in Support of Mot. for Protective Order (doc. 319) at 7.

7

### C.     Topic 8

Topic 8 seeks testimony on these subjects:

Any internal investigations, surveys, studies or audits by Defendant since January 8, 2005, regarding the nature and amount of work performed by telephone dedicated customer service employees.

Defendant contends that Topic 8 "is overbroad to the extent it seeks analyses of the nature and amount of all work performed—not just work allegedly performed before and after shifts."[31] As in the case of Topic 7, Defendant contends that the overbroad nature of this topic would require Defendant to incur undue expenses preparing for the Rule 30(b)(6) deposition. In its reply brief, Defendant argues that Plaintiffs seek damages only for work allegedly performed during lunch and before and after their shifts. Defendant argues that Topic 8 is irrelevant because it "seeks information relating to *all* work performed by *all* SWBT employees."[32]

Contrary to what Defendant asserts, this topic is limited only to "telephone dedicated customer service employees," and does not seek information regarding all SWBT employees. In any event, relevance is not the issue. To obtain a protective order limiting this topic, Defendant must show how it is unduly burdensome or expensive. As in the case of Topic 7, Defendant merely makes the conclusory assertion that preparing for a Rule 30(b)(6) deposition on this topic would be unduly expensive. This is not sufficient to meet Defendant's burden. The Court therefore declines to enter a protective order as to Topic 8.

---

[31]*Id.*

[32]Def.'s Reply (doc. 383) at 5 (emphasis added).

8

### D.     Topics 9-11

As modified through counsel's discussion, these topics seek testimony on the following subjects:

**Topic 9:**

The existence and resolution of any claims of alleged wage and hour law violations for failure to pay overtime or failure to maintain accurate records against Defendant within the last five years filed with any federal or state administrative agencies or federal or state court by any individual, employee or entity.

**Topic 10:**

The existence and resolution of any informal or internal complaints alleging SWBT's failure to pay all time worked by any employee, failure to pay overtime to any employee, or failure to maintain accurate records regarding employees' hours worked, during the last five years.

**Topic 11:**

Any internal communications or discussions within SWBT's human resources department in the last five years relating to compliance with wage and hour law as it applies to telephone dedicated customer service employees.

Defendant asserts that these topics are overbroad "to the extent they request information (i) for a five-year period . . . (ii) about alleged state law wage and hour violations, which are not at issue in this case[,] and (iii) wage and hour compliance issues unrelated to the Plaintiffs' claim of off the clock work."[33]  Defendant also complains that the topics are "geographically and organizationally overbroad" because they pertain to the entire company and to all job titles, including salaried employees.[34]

---

[33]Def.'s Mem. in Support of Mot. for Protective Order (doc. 319) at 8.

[34]*Id.*

9

Again, the Court finds that Defendant's overbreadth objections do not support Defendant's request for a protective order. Defendant does not argue that these topics would be unduly burdensome or expensive, let alone demonstrate that this is the case. Nor does Defendant argue or establish that any other valid reason, such as annoyance, embarrassment, or oppression, supports its request. The Court therefore declines to enter a protective order as to these topics.

### E. Conclusion

The Court declines to grant the Motion for Protective Order for the asserted reasons that the deposition topics are overly broad and do not seek relevant information. Rule 26(c)(1) does not provide for the entry of a protective order in either circumstance. Although Rule 26(c)(1) does allow the Court to enter an order to protect a party from undue burden or expense, Defendant has failed to meets its burden of providing evidence or a detailed explanation of that burden or expense. The Court therefore denies the Motion to Compel as to Topics 7-11. The Motion is moot as to all remaining topics and deposition issues, as the parties have informed the Court that they have resolved those issues.

## IV. Fees and Expenses Incurred in Connection with This Motion

The Court has denied Defendant's Motion for Protective Order as to the issues that remain for ruling. Neither side has requested fees or expenses in connection with the Motion. The Court must nevertheless address the issue because Rule 37(a)(5)(B) provides for the payment of the opposing party's fees and expenses where a motion for protective order is denied.[35] Rule 37(a)(5)(B) states that the Court *must* require the party filing the motion for protective order to pay the opposing party the reasonable fees and expenses that it incurred in opposing the motion for

---

[35] Rule 26(c)(3) states that Rule 37(a)(5) applies to the award of fees and expenses in connection with the filing of a motion for protective order.


protective order, unless (1) the motion for protective order was substantially justified, or (2) other circumstances make an award of fees and expenses unjust.[36]

In this case, the parties were able to resolve a significant portion of the Motion after it was filed. Although the Court is denying the Motion as to all issues that remain, it would seem unjust to impose an award for fees and expenses against Defendant in these circumstances. The Court will therefore decline to award Plaintiffs the fees and expenses they incurred in responding to Defendant's Motion. Accordingly, each party shall bear its/his/her own fees and expenses incurred in connection with the Motion for Protective Order.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Protective Order (doc. 318) as to "Question 3" and how it pertains to Topics 7-11 of the Rule 30(b)(6) Deposition Notice is denied.

**IT IS FURTHER ORDERED** that each party shall bear its/his/her own fees and expenses incurred in connection with the Motion for Protective Order.

**IT IS FURTHER ORDERED** that all remaining issues raised in Defendant's Motion for Protective Order are moot as a result of the parties' resolution of those issues.

**IT IS SO ORDERED**.

Dated in Kansas City, Kansas on this 2nd day of September 2009.

s/<u>David J. Waxse</u>
David J. Waxse
U.S. Magistrate Judge

cc:     All counsel and *pro se* parties

---

[36] Fed. R. Civ. P. 37(a)(5)(B) (emphasis added).