IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

WILLIAM GIPSON, individually and
on behalf of a class of others similarly
situated,

                Plaintiffs,

v.

SOUTHWESTERN BELL
TELEPHONE COMPANY
(f/k/a SWBT, Inc., f/k/a Southwestern
Bell Telephone, L.P.,

                Defendant.

Case No. 08-2017-EFM

**MEMORANDUM AND ORDER**

Plaintiff William Gipson filed suit against Defendant Southwestern Bell Telephone Company ("SWBT") on behalf of other similarly situated current and former employees for unpaid overtime compensation under the Fair Labor Standards Act of 1938 ("FLSA").[1] Plaintiffs claim that SWBT failed to pay them overtime for integral and indispensable job duties that they performed pre-shift, post-shift, and over meal breaks. During discovery, SWBT submitted its First Set of Request for Production of Documents to Plaintiffs in which it requested (Request 22) that Plaintiffs produce "[a]ll of your calendars, diaries, and journals with entries made by you, or on your behalf, while you were employed by SWBT during the last five years."[2] In response, Plaintiffs objected to the request as follows:

---

[1] 29 U.S.C. § 201 *et al.*

[2] First Req. No. 22, Ex. D & E, attached to Def.'s Mot. to Compel (Doc. 185).

-1-

> The request is overbroad because it contains no limitation as to subject matter, and purports to request documents regardless of their bearing in any way on any issue in this litigation. Subject to this objection, Plaintiff will produce any calendars, diaries, and journals with entries made by Plaintiff concerning the issues in this lawsuit.[3]

Thereafter, SWBT moved the Court to compel Plaintiffs to product *all* documents as it requested, taking issue with Plaintiffs' unilateral decision to limit production of the documents to only those entries "concerning the issues in this lawsuit." U.S. District Court Magistrate Judge David J. Waxse reviewed SWBT's arguments, and on March 24, 2009, issued an Order denying SWBT's motion to compel, finding that Request 22 was overly broad on its face, and also that the relevance of the request was not apparent on the face of the request.[4] SWBT now moves the Court to set aside the Magistrate Judge's Order, but only with respect to SWBT's Request 22, on the basis that the Magistrate Judge's decision is clearly erroneous and contrary to law.

## I. Standard of Review

Upon objection to a magistrate judge's order on a non-dispositive matter, the district court may modify or set aside any portion of the order that it finds to be "clearly erroneous or contrary to law."[5] "To be clearly erroneous, a decision must strike [the Court] as more than just maybe or probably wrong."[6] The Court does not conduct a de novo review when reviewing factual findings, but applies a more deferential standard that requires the moving party to show that the magistrate judge's order is clearly erroneous.[7] In contrast, the "contrary to law" standard permits independent

---

[3] *Id.*

[4] *Gipson v. Sw. Bell Tel. Co.*, 2009 WL 790203 (D. Kan. Mar. 24, 2009).

[5] 28 U.S.C. § 636(b)(1)(A); *First Union Mortgage Corp. v. Smith,* 229 F.3d 992, 995 (10th Cir. 2000); Fed. R. Civ. P. 72(a).

[6] *Parts & Elec. Motors, Inc. v. Sterling Elec.*, 866 F.2d 228, 236 (7th Cir. 1988).

[7] *See Burton v. R.J.. Reynolds Tobacco Co.*, 177 F.R.D. 491, 494 (D. Kan. 1997).

review of legal matters.[8] But because a magistrate judge has broad discretion in resolving non-dispositive discovery matters, the Court is required to affirm the magistrate judge's order unless the entire evidence leaves it "with the definite and firm conviction that a mistake has been committed."[9]

### III. Analysis

SWBT asserts that by summarily concluding, without any analysis, that Request 22 was overly broad on its face, and also that the relevance of the request was not apparent on the face of the request, the Magistrate Judge disregarded established standards for relevance, discoverability, and overbreadth under the Federal Rules and case law. As a result, SWBT contends that the Magistrate Judge's decision regarding Request 22 was both clearly erroneous and contrary to law, thereby warranting this Court to set that decision aside and order Plaintiffs to produce the documents as it requested and without limitation.

Plaintiffs' claims in this action focus on work they allegedly performed pre-shift, post-shift, and over meal periods. Plaintiffs argue that if they were required to respond to SWBT's original request, they would be required to produce notes and calendar entries concerning events that are in no way related to their claims. SWBT, however, disagrees, arguing that it is because of Plaintiffs' claims that cause Request 22 to be relevant on its face. SWBT asserts that the request seeks to obtain information that may show what each plaintiff was doing during the time they claim that they were working without pay. SWBT further argues that Request 22 is not overly broad on its face because it is limited to a specific timeframe, does not require Plaintiffs to exercise any unnecessary time and

---

[8] *McCormick v. City of Lawrence*, 2005 WL 1606595, at *2 (D. Kan. July 8, 2005).

[9] *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (quoting *United States v. Gypsum Co.*, 333 U.S. 364, 395 (1948)); *see also Smith v. MCI Telecomm. Corp.*, 137 F.R.D. 25, 27 (D. Kan. 1991) (the district court generally defers to the magistrate judge and overrules an order only for a clear abuse of discretion).

effort to determine what documents are responsive, and employs no omnibus terms.

As indicated by the Magistrate Judge, a party may obtain discovery on any nonprivileged matter that is relevant to any party's claim or defense.[10] While the information sought must be relevant, it need not be admissible at trial "if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."[11] Relevancy is broadly construed, and if any possibility exists that the discovery sought may be relevant to a party's claim or defense, such request should be considered relevant.[12]

Reviewing SWBT's request in context with Plaintiffs' claims, the Court finds that the information sought in Request 22 is relevant to the issues, and SWBT is entitled to discovery of said documents. Here, SWBT seeks documents and/or information that has the possibility of indicating whether or not a particular plaintiff was or was not working at a time that plaintiff may be claiming unpaid work was performed. The relevancy of this information ties directly to the issues of this lawsuit. We do not find, however, that SWBT is entitled to discovery for those items that are outside the scope of Plaintiffs' claims as they relate to an employee's work schedule, such that Plaintiffs would be required to produce calendar entries concerning, for instance, a child's baseball game on Saturday when that employee never worked for SWBT on Saturdays. Therefore, while we conclude that SWBT is entitled to discovery of the information requested in Request 22, we limit such production to include only information related to the time period of one-hour prior to the start of a Plaintiff's scheduled shift, the timeframe of the Plaintiff's scheduled shift, to include the

---

[10]Fed. R. Civ. P. 26(b)(1).

[11]*Id.*

[12]*Centurion Indus., Inc. v. Warren Steurer & Assoc.*, 665 F.2d 323, 326 (10th Cir. 1981); *Jones v. Wet Seal Retail, Inc.*, 245 F.R.D. 724, 725 (D. Kan. 2007).

Plaintiff's lunch period and other permitted breaks, and to one-hour after the end of a Plaintiff's scheduled shift. SWBT is not entitled to discovery of information outside this temporal restriction, as such information would not be relevant to Plaintiffs' claims.

In their objection to Request 22, Plaintiffs agreed to produce "any calendars, diaries, and journals with entries made by Plaintiff concerning the issues in this lawsuit." To the extent that this Order is more broad than what Plaintiffs have offered to produce, then SWBT's motion is granted in that respect, and Plaintiffs must produce the information. In addition, to the extent that this Order goes beyond the Magistrate Judge's Order, that order is overruled.

Accordingly,

**IT IS THEREFORE ORDERED** that SWBT's Objection to the Order of the Magistrate Judge (Doc. 545), with respect only to Request 22, is hereby GRANTED in part, and DENIED in part, pursuant to the terms of this Order.

**IT IS FURTHER ORDERED** that Plaintiffs shall produce any and all documents with respect to Request 22 forthwith, in accordance with this Order.

**IT IS SO ORDERED.**

Dated in Wichita, Kansas on this 23rd day of November, 2009.

/s Eric F. Melgren
Eric F. Melgren
UNITED STATES DISTRICT JUDGE